1   Brett L. Gibbs, Esq. (SBN 251000)
    Steele Hansmeier PLLC.
2   38 Miller Avenue, #263
    Mill Valley, CA 94941
3   415-325-5900
    blgibbs@wefightpiracy.com
4
    *Attorney for Plaintiff*
5

6

7              IN THE UNITED STATES DISTRICT COURT FOR THE

8                 NORTHERN DISTRICT OF CALIFORNIA          **LHK**

9
                                                          **HRL**
10

11   HARD DRIVE PRODUCTIONS, INC.,      )    **C.V   11   3682**
                                        )    No.
12                 Plaintiff,           )
13          v.                          )    Judge:
                                        )
14   DOES 1-166,                        )    **COMPLAINT**
                                        )
15                 Defendants.          )
                                        )    **DEMAND FOR JURY TRIAL**
16   _____  )

17

18                               **COMPLAINT**

19   NOW COMES Plaintiff Hard Drive Productions, Inc., through its undersigned counsel, and hereby

20   files this Complaint requesting damages and injunctive relief, and alleges as follows:

21                        **JURISDICTION AND VENUE**

22
            1.      This is an action of necessity.  Plaintiff brings this suit as its only way to adequately
23
     preserve the value of its unique copyrighted work from those unlawfully downloading it over the
24
     Internet. Plaintiff has exhausted all other means in attempting to protect its work, and it now turns to
25
     this Court as its last line of defense.  This suit alleges infringement under the United States
26
     Copyright Act and a related civil conspiracy claim under California common law to combat the
27
     willful and intentional infringement of creative work over the Internet. Currently anonymous
28

Defendants, whose identities Plaintiff expects to ascertain during discovery, illegally reproduced and distributed Plaintiff's copyrighted creative work by acting in concert via the BitTorrent file sharing protocol and, upon information and belief, continue to do the same. As a result of this unlawful activity, by and through this Complaint, Plaintiff seeks a permanent injunction, statutory or actual damages, award of costs and attorney's fees, and other relief.

2.      Per N.D. Cal. Local Rule 3-5, this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights).   This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution.

3.      This Court has personal jurisdiction over all of the parties because, upon credible information and belief, all of the Defendants either reside or committed copyright infringement in the State of California.  Plaintiff used geolocation technology to trace the IP addresses of each Defendant to a point of origin within the State of California. Geolocation is a method for ascertaining the likely geographic region associated with a given IP address at a given date and time. Although not a litmus test for personal jurisdiction, the use of geolocation gives Plaintiff good cause for asserting that personal jurisdiction is proper over the Defendants.

4.      In the alternative, this Court also has personal jurisdiction over non-resident Defendants, if any, under the California long-arm statute, California Code of Civil Procedure § 410.10, because they downloaded copyrighted content from, or uploaded it to, California residents,

and thus committed copyright infringement in and through this State, and engaged in a civil conspiracy to commit copyright infringement with California residents. (*See also* Federal Rule of Civil Procedure ("FRCP") 4(k)(1)(A)).

5.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because, on information and belief, Defendants reside in this District, may be found in this District, and/or committed acts in this District giving rise to Plaintiff's claims. Further, per N.D. Cal. Local Rule 3-2(c), this intellectual property action is exempt from these requirements.

**PARTIES**

6.      Plaintiff Hard Drive Productions, Inc. is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business located in the same. Plaintiff is the exclusive holder of the relevant rights with respect to the copyrighted creative work at issue in this Complaint.

7.      Plaintiff is a producer of adult entertainment content. Plaintiff invests significant capital in producing the content associated with its brand and has produced substantial numbers of videos and photographs. The copyrighted work at issue here is one of these adult videos, "Amateur Allure – Trinity" (the "Video"). A unique reproduction of the Video was being unlawfully uploaded and downloaded amongst Defendants in the form of a specific and uniquely identifiable computer file ("File") over the Internet through the BitTorrent protocol in a specific swarm monitored by Plaintiff.

8.      Defendants' actual names are unknown to Plaintiff. Instead, each Defendant is known to Plaintiff only by an Internet Protocol address ("IP address"), which is a number assigned to devices, such as computers, connected to the Internet. In the course of monitoring Internet-based infringement of its copyrighted content, Plaintiff's agents observed unlawful reproduction and distribution occurring among the IP addresses listed on Exhibit A, attached hereto, via Bit Torrent

1  protocol. Plaintiff cannot ascertain Defendants' actual identities without information from

2  Defendants' Internet Service Providers ("ISPs").

3  ### JOINDER OF MULTIPLE DEFENDANTS

4
5  9.      Joinder of Defendants is proper because they engaged in a series of transactions to

6  illegally reproduce and distribute the same Video, using the same highly-interactive online protocol,

7  and unlawfully "sharing" the exact same File in the same BitTorrent swarm. Specifically, the

8  Defendants intentionally entered and participated in a single BitTorrent swarm that was formed for

9  the purpose of exchanging pieces of the File, which was entirely unique to that swarm. The File, in

10  this case, was a specific digital reproduction of the Video. The series of transactions in this case

11  involved exchanging pieces of the File containing the Video with other Defendants in the group of

12
13  individuals who were sharing pieces of the File among one another (i.e. the swarm) to obtain a

14  complete copy of the Video. Plaintiff's agents observed multiple swarms involved in reproducing

15  and distributing the Video, but the Defendants in this action joined in one swarm.

16  10.     Joinder is also proper because Defendants participated in a civil conspiracy to

17  illegally reproduce and distribute the Video. The Defendants intentionally entered a swarm for the

18  purpose of collaborating with the other Defendants and numerous third parties to conduct illegal

19  distribution and reproduction of the particular File containing the Video. The Defendants were

20  collectively engaged in the conspiracy even if they were not engaged in the swarm

21
22  contemporaneously because they all took concerted action that contributed to the chain of data

23  distribution. Plaintiff has asserted a right to relief jointly and severally against the Defendants.

24  11.     Joinder is also proper at the early stage of the litigation because, upon information

25  and belief, a single individual can be associated with multiple IP addresses. Due to the dynamic

26  nature of most consumer IP address assignments, an individual's IP address can change frequently.

27  Thus, Plaintiff's monitoring software, which identifies infringing activity by IP address, may

28
---
4
COMPLAINT                                           CASE NO.

1    identify multiple instances of infringing activity that are actually associated with a single individual.

2    In other words, it is likely that multiple Doe Defendants (i.e. IP addresses listed on Exhibit A) are, in

3    fact, a single individual. For example, in the past, a single individual was associated with nearly one-

4    third of the IP addresses contained in an initial complaint. Joinder of identical claims against a single

5

6    individual is encouraged under the Federal Rules and conserves the resources of this Court.

7         12.    Finally, Defendants share the same questions of law with respect to copyright

8    infringement, including but not limited to:

9         (A) Whether "copying" has occurred within the meaning of the Copyright Act;

10        (B) Whether entering a torrent swarm constitutes a willful act of infringement;

11

12        (C) Whether entering a torrent swarm constitutes a civil conspiracy; and

13        (D) Whether and to what extent Plaintiff has been damaged by the Defendant's conduct.

14        13.    Supporting the propriety of joinder in this case is the underlying nature of the

15   BitTorrent file distribution protocol. The BitTorrent protocol is different than the standard peer-to-

16   peer ("P2P") protocol used for such networks as Kazaa, Grokster and Limewire. Unlike standard

17   P2P networks, every BitTorrent downloader is also an uploader of the illegally transferred file.

18   Further, the BitTorrent protocol breaks an individual file into small pieces, which are shared among

19   a group of collaborators. Standard P2P protocols involve the one-to-one transfer of whole files. Use

20   of the BitTorrent protocol provides significant benefits to swarm participants that derive from its

21   distributed and collaborative nature, but it also makes its users susceptible to joinder.

22

23                                   **BACKGROUND**

24        14.    BitTorrent is a modern file sharing method (hereinafter "protocol") used for

25   distributing data via the Internet.

26        15.    Traditional file transfer protocols involve a central server, which distributes data

27   directly to individual users.  This method is prone to collapse when large numbers of users request

28
                                            5

data from the central server, in which case the server can become overburdened and the rate of data transmission can slow considerably or cease altogether. In addition, the reliability of access to the data stored on a server is largely dependent on the server's ability to continue functioning for prolonged periods of time under high resource demands.

16.    Standard P2P protocols involve a one-to-one transfer of whole files between a single uploader and single downloader. Although standard P2P protocols solve some of the issues associated with traditional file transfer protocols, these protocols still suffer from such issues as scalability. For example, when a popular file is released (e.g. an illegal copy of the latest blockbuster movie) the initial source of the file performs a one-to-one whole file transfer to a third party, who then performs similar transfers. The one-to-one whole file transfer method can significantly delay the spread of a file across the world because the initial spread is limited by the bottleneck associated with one-to-one transfers.

17.    In contrast, the BitTorrent protocol is a decentralized method of distributing data. Instead of relying on a central server to distribute data directly to individual users, the BitTorrent protocol allows individual users to distribute data among themselves. Further, the BitTorrent protocol involves breaking a single large file into many small pieces, which can be transferred much more quickly than a single large file and in turn redistributed much more quickly than a single large file. Moreover, each peer can download missing pieces of the file from multiple sources—often simultaneously—which causes transfers to be fast and reliable. After downloading a piece, a peer automatically becomes a source for the piece. This distribution method contrasts sharply with a one-to-one whole file transfer method.

18.    In BitTorrent vernacular, individual downloaders/distributors of a particular file are called peers. The group of peers involved in downloading/distributing a particular file is called a swarm. A server which stores a list of peers in a swarm is called a tracker. A computer program

that implements the BitTorrent protocol is called a BitTorrent client. Each swarm is unique to a particular file, a file that is also unique in and of itself.

19. The BitTorrent protocol operates as follows. First, a user locates a small "torrent" file. This file contains information about the unique files to be shared and about the tracker, the computer that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to other peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

20. The degree of anonymity provided by the BitTorrent protocol is extremely low. Because the protocol is based on peers connecting to one another, a peer must broadcast identifying information (i.e. an IP address) before it can receive data. Nevertheless, the actual names of peers in a swarm are unknown, as the users are allowed to download and distribute under the cover of their IP addresses.

21. The BitTorrent protocol is an extremely popular method for transferring data. The size of swarms for popular files can reach into the tens of thousands of unique peers. A swarm will commonly have peers from many, if not every, state in the United States and several countries around the world. And every peer in the swarm participates in distributing the file to dozens, hundreds, or even thousands of other peers.

22. The BitTorrent protocol is also an extremely popular method for unlawfully copying, reproducing, and distributing files in violation of the copyright laws of the United States. A broad range of copyrighted albums, audiovisual files, photographs, software, and other forms of media are available for illegal reproduction and distribution via the BitTorrent protocol.

7
COMPLAINT                                                    CASE NO.

23.     Efforts at combating BitTorrent-based copyright infringement have been stymied by BitTorrent's decentralized nature. Because there are no central servers to enjoin from unlawfully distributing copyrighted content, there is no primary target on which to focus anti-piracy efforts. Indeed, the same decentralization that makes the BitTorrent protocol an extremely robust and efficient means of transferring enormous quantities of data also acts to insulate it from anti-piracy measures. This lawsuit is Plaintiff's only practical means of combating BitTorrent-based infringement of the Video.

## ALLEGATIONS COMMON TO ALL COUNTS

24.     At all times relevant hereto, Plaintiff was the exclusive rights holder with respect to BitTorrent-based reproduction and distribution of the Video.

25.     The Video is the subject of an application for registration that is currently pending in the United States Copyright Office.

26.     The Video is legally available for purchase to bona fide purchasers, but was obtained by Defendants through illegal distribution means.

27.     The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected by the copyright laws.

28.     Plaintiff employs proprietary peer-to-peer network forensic software to perform exhaustive real time monitoring of the BitTorrent-based swarm involved in distributing the Video. This software is effective in capturing data about the activity of peers in a swarm and their infringing conduct.

29.     Defendants, without Plaintiff's authorization or license, intentionally downloaded a torrent File particular to the Video, purposefully loaded that torrent file into their BitTorrent clients,

entered into the same exact BitTorrent swarm particular to the File containing the Video, and reproduced and distributed the Video to numerous third parties.

30. Plaintiff observed the Defendants' activities in the same exact torrent swarm specific to the File containing Plaintiff's Video and created a log of IP addresses identifying each Defendant and the date and time of the Defendant's activity, attached hereto as Exhibit A.

## COUNT I – COPYRIGHT INFRINGEMENT
### (U.S. Copyright Act – 17 U.S.C. §§ 101-1332)

31. Plaintiff hereby incorporates by this reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

32. Defendants' conduct infringes upon Plaintiff's exclusive rights of reproduction and distribution that are protected under the Copyright Act.

33. Each Defendant knew, should have known, or had some constructive knowledge that their acts constituted copyright infringement.

34. Defendants' conduct was willful within the meaning of the Copyright Act: intentional, and with indifference to the Plaintiff's rights. Defendants' active participation on the same BitTorrent swarm relating to the unique File containing the Video make this fact abundantly clear.

35. Plaintiff has been damaged by Defendants' conduct including, but not limited to, economic and reputation losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate Plaintiff for all of the past, and possibly future, damages stemming from Defendants' conduct. In fact, further irreparable harm to Plaintiff's copyrights and exclusive rights is imminent without Court intervention. Without restrictions, these infringers will run rampant.

36.     Plaintiff hereby reserves the right, pursuant to 17 U.S.C. § 504(c), to elect to recover statutory damages for each infringement, in lieu of seeking recovery of actual damages.

37.     As Defendants' infringement was intentional and willful, the Plaintiff is entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of the suit.

## COUNT II – CIVIL CONSPIRACY

### (California Common Law Tort)

38.     Plaintiff hereby incorporates by this reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

39.     In using the peer-to-peer BitTorrent file distribution method, each Defendant participated in, aided in, attempted to aid in, or at least knew of the formation and operation of a common-plan conspiracy to unlawfully reproduce and distribute the Video by exchanging pieces of the File containing the Video in a specific and unique torrent swarm on BitTorrent.

40.     Defendants, in participating in said conspiratorial file exchanging network, agreed to engage in a concerted tortious action with other (currently discovered and undiscovered) Defendants on the network to reproduce and distribute the File containing Plaintiff's copyrighted Video.

41.     Each of the Defendants was an active participant in download ding a torrent file, opening it using a BitTorrent client, and then entering a torrent swarm comprised of other individuals improperly distributing and reproducing the Video without Plaintiff's permission, causing infringement damage to Plaintiff.

42.     Participants in the specific torrent swarm distributing the File containing the Video in this matter, including Defendants, have conspired to provide other individuals with pieces of the File containing the Video in exchange for receiving other pieces of the same File contain the same Video, eventually obtaining a complete copy of the File.

43.     In furtherance of this civil conspiracy, Defendants committed overt tortious and unlawful acts by using BitTorrent software to download the Video from, and distribute it to, others, and were willful participants in this joint activity.

44.     Defendants were fully aware of their participation in this conspiracy by taking part of these swarms on BitTorrent, and, in downloading the Video, demonstrate their understanding of their role in this conspiracy.

45.     As a proximate result of this conspiracy, Plaintiff has been damaged as alleged above, and seeks just compensation for Defendants' unjust acts.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby respectfully prays this Court for Judgment and relief as follows:

1)     That the Court enter a written judgment declaring that the Defendants have infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501, and that such infringement was willful;

2)     That the Court enter a written judgment declaring that the Defendants have injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

3)     That the Court issue injunctive relief against Defendants, enjoining and restraining the Doe Defendants and all others in active concert with them from further violating Plaintiff's copyrighted Video, and further issue an order impounding or requiring Defendants to destroy all copies of those unlawfully copyrighted files in Defendants' possession, custody, and/or control pursuant to 17 U.S.C. §§ 503 & 509(a);

4)     That the Court enter a written judgment in favor of the Plaintiff against Defendants for actual damages pursuant to 17 U.S.C. § 504(a) or statutory damages up to one-hundred and fifty-

43.     In furtherance of this civil conspiracy, Defendants committed overt tortious and unlawful acts by using BitTorrent software to download the Video from, and distribute it to, others, and were willful participants in this joint activity.

44.     Defendants were fully aware of their participation in this conspiracy by taking part of these swarms on BitTorrent, and, in downloading the Video, demonstrate their understanding of their role in this conspiracy.

45.     As a proximate result of this conspiracy, Plaintiff has been damaged as alleged above, and seeks just compensation for Defendants' unjust acts.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby respectfully prays this Court for Judgment and relief as follows:

1)     That the Court enter a written judgment declaring that the Defendants have infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501, and that such infringement was willful;

2)     That the Court enter a written judgment declaring that the Defendants have injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

3)     That the Court issue injunctive relief against Defendants, enjoining and restraining the Doe Defendants and all others in active concert with them from further violating Plaintiff's copyrighted Video, and further issue an order impounding or requiring Defendants to destroy all copies of those unlawfully copyrighted files in Defendants' possession, custody, and/or control pursuant to 17 U.S.C. §§ 503 & 509(a);

4)     That the Court enter a written judgment in favor of the Plaintiff against Defendants for actual damages pursuant to 17 U.S.C. § 504(a) or statutory damages up to one-hundred and fifty-

1    thousand dollars ($150,000) pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount

2    to be ascertained at trial;

3

4           5)      As to Count II, that the Court order Defendants jointly and severally liable to Plaintiff

5    in the full amount of the Judgment on the basis of a common law claim for civil conspiracy to

6    commit copyright infringement; and for an award of compensatory damages based on the civil

7    conspiracy count in favor of the Plaintiff and against Defendants, jointly and severally, in an amount

8    to be determined at trial;

9           6)      That the Court enter a written judgment in favor of Plaintiff against the Defendants

10    awarding the Plaintiff reasonable attorneys' fees, litigation expenses (including fees and costs of

11    expert witnesses), and other costs of this action pursuant to 17 U.S.C. § 505; and

12           7)      That the Court issue any such further relief as the Court deems appropriate.

13

14

15                             Respectfully Submitted,

16                             STEELE HANSMEIER PLLC

17    **DATED: July 26, 2011**

18                 By:            /s/ Brett L. Gibbs

19

20                      Brett L. Gibbs, Esq. (SBN 251000)
                           Steele Hansmeier PLLC.

21                      38 Miller Avenue, #263
                           Mill Valley, CA 94941

22                      blgibbs@wefightpiracy.com
                           *Attorney for Plaintiff*

23

24

25

26

27

28

12

COMPLAINT                                   CASE NO.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a jury trial as provided by FRCP 38(a).

By:     /s/ Brett L. Gibbs

Brett L. Gibbs, Esq. (SBN 251000)

*Attorney for Plaintiff*

# EXHIBIT A

| IP Address | ISP | Date/Time (UTC) |
|---|---|---|
| 108.23.207.172 | Verizon Online | 2011-06-02 01:41:22 AM |
| 108.82.24.24 | AT&T Internet Services | 2011-06-18 06:28:16 AM |
| 128.9.184.230 | Information Sciences Institute | 2011-06-11 12:57:23 AM |
| 173.200.80.166 | CBEYOND Communications | 2011-06-04 08:30:21 AM |
| 173.228.119.104 | Sonic Telecom | 2011-07-03 07:11:24 AM |
| 173.55.158.148 | Verizon Online | 2011-05-04 12:28:36 PM |
| 173.55.23.51 | Verizon Online | 2011-05-17 05:56:59 AM |
| 173.55.24.119 | Verizon Online | 2011-06-12 05:05:36 PM |
| 173.55.65.120 | Verizon Online | 2011-06-13 07:19:52 PM |
| 173.58.169.140 | Verizon Online | 2011-07-16 05:14:01 AM |
| 173.60.223.27 | Verizon Online | 2011-06-01 04:33:49 AM |
| 173.60.69.107 | Verizon Online | 2011-07-02 10:50:49 AM |
| 173.67.108.220 | Verizon Online | 2011-06-21 09:08:22 PM |
| 174.62.85.60 | Comcast Cable Communications | 2011-06-04 07:29:40 PM |
| 174.77.55.98 | Cox Communications | 2011-06-08 12:16:38 AM |
| 207.204.245.61 | Reliablehosting.com | 2011-06-16 10:58:26 PM |
| 208.127.90.24 | DSL Extreme | 2011-07-08 03:40:11 PM |
| 208.80.70.73 | Webpass | 2011-05-15 10:39:16 PM |
| 216.139.53.250 | SOUTH VALLEY INTERNET | 2011-05-15 04:11:16 AM |
| 24.10.25.158 | Comcast Cable Communications | 2011-06-01 08:40:53 AM |
| 24.10.40.177 | Comcast Cable Communications | 2011-05-16 08:40:44 PM |
| 24.10.73.197 | Comcast Cable Communications | 2011-05-14 07:09:28 PM |
| 24.130.110.217 | Comcast Cable Communications | 2011-05-27 07:32:21 AM |
| 24.130.119.92 | Comcast Cable Communications | 2011-05-24 06:39:55 PM |
| 24.171.139.200 | Road Runner | 2011-07-01 01:17:49 AM |
| 24.176.189.202 | Charter Communications | 2011-05-03 07:01:07 AM |
| 24.2.41.29 | Comcast Cable Communications | 2011-06-22 07:49:32 PM |
| 24.205.39.229 | Charter Communications | 2011-07-13 01:43:09 AM |
| 24.205.92.46 | Charter Communications | 2011-06-08 09:28:57 PM |
| 24.23.163.217 | Comcast Cable Communications | 2011-05-19 04:05:53 AM |
| 24.23.168.81 | Comcast Cable Communications | 2011-05-05 04:59:06 AM |
| 24.23.170.18 | Comcast Cable Communications | 2011-05-10 06:25:23 AM |
| 24.23.170.7 | Comcast Cable Communications | 2011-06-16 02:28:36 AM |
| 24.4.168.30 | Comcast Cable Communications | 2011-07-06 05:26:18 PM |
| 24.4.181.184 | Comcast Cable Communications | 2011-05-08 11:35:30 PM |
| 24.4.33.158 | Comcast Cable Communications | 2011-06-13 04:01:58 AM |
| 24.5.70.91 | Comcast Cable Communications | 2011-06-10 02:36:49 AM |
| 24.5.73.142 | Comcast Cable Communications | 2011-05-04 04:55:14 PM |
| 24.5.89.232 | Comcast Cable Communications | 2011-07-19 04:39:57 AM |
| 24.6.161.133 | Comcast Cable Communications | 2011-05-05 11:42:00 PM |
| 24.6.98.203 | Comcast Cable Communications | 2011-05-03 01:32:27 AM |
| 24.7.119.49 | Comcast Cable Communications | 2011-05-14 03:00:00 AM |
| 24.7.154.203 | Comcast Cable Communications | 2011-06-25 07:45:45 AM |
| 24.7.61.229 | Comcast Cable Communications | 2011-06-11 02:02:26 AM |
| 65.78.189.100 | SureWest | 2011-05-16 07:49:50 AM |
| 66.214.5.252 | Charter Communications | 2011-05-28 09:46:44 PM |

| | | |
|---|---|---|
| 66.245.159.91 | Earthlink | 2011-05-08 02:19:54 AM |
| 66.245.192.174 | DSL Extreme | 2011-05-13 04:50:18 AM |
| 66.27.220.7 | Road Runner | 2011-05-03 04:33:35 AM |
| 66.74.35.9 | Road Runner | 2011-05-29 08:28:33 AM |
| 67.127.191.189 | AT&T Internet Services | 2011-05-06 07:42:14 AM |
| 67.159.147.211 | SureWest | 2011-05-13 10:55:22 PM |
| 67.161.4.117 | Comcast Cable Communications | 2011-06-08 01:46:00 PM |
| 67.164.33.8 | Comcast Cable Communications | 2011-06-11 08:35:29 PM |
| 67.166.144.172 | Comcast Cable Communications | 2011-05-05 12:24:58 AM |
| 67.169.236.18 | Comcast Cable Communications | 2011-07-01 05:11:56 AM |
| 67.172.180.51 | Comcast Cable Communications | 2011-06-04 11:43:17 PM |
| 67.180.178.44 | Comcast Cable Communications | 2011-07-15 05:32:33 PM |
| 67.180.60.34 | Comcast Cable Communications | 2011-05-22 08:38:42 AM |
| 67.181.135.173 | Comcast Cable Communications | 2011-07-10 03:01:05 AM |
| 67.181.234.139 | Comcast Cable Communications | 2011-07-09 05:10:18 PM |
| 67.181.91.73 | Comcast Cable Communications | 2011-06-14 07:27:10 AM |
| 67.188.151.92 | Comcast Cable Communications | 2011-07-09 05:49:58 AM |
| 67.188.238.243 | Comcast Cable Communications | 2011-05-08 08:17:23 PM |
| 67.188.30.81 | Comcast Cable Communications | 2011-05-28 12:15:36 AM |
| 67.188.95.0 | Comcast Cable Communications | 2011-06-24 10:29:09 AM |
| 68.101.219.77 | Cox Communications | 2011-05-15 12:03:27 PM |
| 68.101.96.115 | Cox Communications | 2011-06-04 08:29:50 AM |
| 68.101.96.239 | Cox Communications | 2011-06-05 11:50:41 PM |
| 68.109.94.116 | Cox Communications | 2011-07-10 03:54:28 PM |
| 68.111.149.105 | Cox Communications | 2011-05-21 09:29:59 PM |
| 68.111.166.98 | Cox Communications | 2011-06-25 12:21:22 PM |
| 68.111.93.104 | Cox Communications | 2011-06-09 09:52:18 AM |
| 68.186.50.136 | Charter Communications | 2011-05-18 05:34:11 AM |
| 68.189.36.161 | Charter Communications | 2011-05-30 02:18:34 AM |
| 68.189.68.132 | Charter Communications | 2011-05-09 02:51:37 AM |
| 68.189.84.75 | Charter Communications | 2011-07-16 06:27:55 PM |
| 68.4.102.37 | Cox Communications | 2011-07-07 05:03:31 PM |
| 68.5.172.132 | Cox Communications | 2011-05-02 09:12:19 PM |
| 68.5.34.19 | Cox Communications | 2011-07-03 01:31:44 AM |
| 68.6.163.14 | Cox Communications | 2011-05-16 10:10:46 PM |
| 68.6.40.71 | Cox Communications | 2011-06-27 08:55:06 PM |
| 68.8.161.188 | Cox Communications | 2011-05-18 09:00:39 PM |
| 68.8.37.149 | Cox Communications | 2011-07-11 02:11:46 AM |
| 68.8.95.130 | Cox Communications | 2011-05-13 10:55:52 PM |
| 69.109.158.94 | AT&T Internet Services | 2011-06-12 01:04:06 AM |
| 69.181.61.253 | Comcast Cable Communications | 2011-07-11 08:04:59 AM |
| 69.230.76.7 | AT&T Internet Services | 2011-07-18 10:25:50 PM |
| 69.234.193.17 | AT&T Internet Services | 2011-05-12 10:00:05 PM |
| 69.62.138.253 | SureWest | 2011-05-14 02:39:29 AM |
| 70.181.135.224 | Cox Communications | 2011-06-13 09:54:19 PM |
| 70.187.185.106 | Cox Communications | 2011-05-31 04:02:53 PM |
| 71.104.184.69 | Verizon Online | 2011-05-15 03:56:16 AM |

| | | |
|---|---|---|
| 71.109.67.227 | Verizon Online | 2011-05-18 02:01:06 AM |
| 71.128.198.149 | AT&T Internet Services | 2011-05-14 09:27:11 AM |
| 71.129.38.58 | AT&T Internet Services | 2011-06-25 07:30:05 PM |
| 71.165.92.21 | Verizon Online | 2011-06-08 07:21:25 PM |
| 71.189.159.63 | Verizon Online | 2011-05-02 11:44:54 PM |
| 71.193.41.171 | Comcast Cable Communications | 2011-05-08 06:25:31 AM |
| 71.195.116.218 | Comcast Cable Communications | 2011-06-18 02:46:40 AM |
| 71.198.248.50 | Comcast Cable Communications | 2011-05-27 01:48:41 AM |
| 71.198.49.8 | Comcast Cable Communications | 2011-05-29 03:15:55 AM |
| 71.202.150.142 | Comcast Cable Communications | 2011-07-12 10:31:35 PM |
| 71.202.235.236 | Comcast Cable Communications | 2011-05-14 08:01:38 AM |
| 71.202.250.46 | Comcast Cable Communications | 2011-05-21 07:58:48 PM |
| 71.204.182.107 | Comcast Cable Communications | 2011-05-27 09:12:59 AM |
| 71.84.60.87 | Charter Communications | 2011-05-09 03:38:28 PM |
| 71.92.64.34 | Charter Communications | 2011-05-03 05:57:36 AM |
| 71.93.224.18 | Charter Communications | 2011-05-14 04:05:31 AM |
| 71.95.144.97 | Charter Communications | 2011-06-03 09:37:31 PM |
| 72.197.228.86 | Cox Communications | 2011-06-09 09:21:18 AM |
| 72.199.66.243 | Cox Communications | 2011-05-03 01:00:56 AM |
| 72.220.164.254 | Cox Communications | 2011-05-04 04:37:22 AM |
| 72.220.68.26 | Cox Communications | 2011-05-20 09:39:39 PM |
| 72.47.20.243 | Suddenlink Communications | 2011-07-06 05:03:28 AM |
| 74.100.198.35 | Verizon Online | 2011-06-10 07:08:13 PM |
| 74.100.32.234 | Verizon Online | 2011-07-04 05:38:34 AM |
| 74.116.45.100 | Velociter Wireless | 2011-06-26 12:40:45 AM |
| 75.11.167.229 | AT&T Internet Services | 2011-06-25 09:42:42 PM |
| 75.128.24.210 | Charter Communications | 2011-05-03 12:34:25 AM |
| 75.139.239.31 | Charter Communications | 2011-05-30 02:05:55 PM |
| 75.15.140.175 | AT&T Internet Services | 2011-05-09 03:14:40 AM |
| 75.28.160.67 | AT&T Internet Services | 2011-05-08 06:07:59 AM |
| 75.31.70.136 | AT&T Internet Services | 2011-05-04 11:56:01 PM |
| 75.36.57.141 | AT&T Internet Services | 2011-05-30 09:18:08 PM |
| 75.63.182.89 | AT&T Internet Services | 2011-05-09 12:35:54 PM |
| 75.82.97.218 | Road Runner | 2011-07-10 04:03:37 AM |
| 75.83.101.144 | Road Runner | 2011-06-01 03:05:14 AM |
| 76.102.152.168 | Comcast Cable Communications | 2011-05-29 05:34:59 AM |
| 76.126.240.176 | Comcast Cable Communications | 2011-06-05 05:47:49 PM |
| 76.127.65.23 | Comcast Cable Communications | 2011-06-12 02:59:31 PM |
| 76.127.89.31 | Comcast Cable Communications | 2011-07-11 08:57:58 AM |
| 76.167.250.120 | Road Runner | 2011-05-05 02:13:32 AM |
| 76.169.126.131 | Road Runner | 2011-05-27 03:12:43 AM |
| 76.169.178.105 | Road Runner | 2011-05-05 03:50:27 PM |
| 76.169.92.27 | Road Runner | 2011-06-10 05:00:43 PM |
| 76.172.5.227 | Road Runner | 2011-07-17 08:02:28 PM |
| 76.200.137.74 | AT&T Internet Services | 2011-06-15 03:48:26 AM |
| 76.221.194.158 | AT&T Internet Services | 2011-05-28 12:11:32 PM |
| 76.77.188.56 | Paxio Inc. | 2011-06-11 11:56:36 PM |

| | | |
|---|---|---|
| 96.247.76.23 | Verizon Online | 2011-05-03 04:22:32 AM |
| 96.251.145.87 | Verizon Online | 2011-06-03 12:30:48 PM |
| 96.39.248.27 | Charter Communications | 2011-06-03 04:53:35 AM |
| 96.41.67.68 | Charter Communications | 2011-05-06 03:55:08 AM |
| 97.90.135.204 | Charter Communications | 2011-05-06 08:36:45 AM |
| 97.94.162.56 | Charter Communications | 2011-06-28 09:16:52 PM |
| 98.112.153.129 | Verizon Online | 2011-05-13 03:22:14 AM |
| 98.151.15.48 | Road Runner | 2011-07-12 08:14:39 AM |
| 98.164.196.78 | Cox Communications | 2011-05-31 02:20:24 PM |
| 98.207.206.46 | Comcast Cable Communications | 2011-06-11 02:25:57 AM |
| 98.210.111.103 | Comcast Cable Communications | 2011-05-03 04:37:33 AM |
| 98.210.25.155 | Comcast Cable Communications | 2011-07-08 11:15:15 PM |
| 98.210.33.249 | Comcast Cable Communications | 2011-05-06 05:08:02 PM |
| 98.234.244.31 | Comcast Cable Communications | 2011-05-02 11:13:54 PM |
| 98.255.16.94 | Comcast Cable Communications | 2011-05-03 08:31:39 AM |
| 98.255.17.217 | Comcast Cable Communications | 2011-07-07 08:07:47 AM |
| 99.104.168.132 | AT&T Internet Services | 2011-07-16 09:56:39 AM |
| 99.146.0.207 | AT&T Internet Services | 2011-06-26 10:15:02 AM |
| 99.146.1.244 | AT&T Internet Services | 2011-07-09 10:14:39 AM |
| 99.146.24.35 | AT&T Internet Services | 2011-05-13 07:31:14 PM |
| 99.146.3.91 | AT&T Internet Services | 2011-07-13 10:25:26 AM |
| 99.155.198.14 | AT&T Internet Services | 2011-06-01 12:31:30 PM |
| 99.159.44.186 | AT&T Internet Services | 2011-07-06 05:03:35 AM |
| 99.162.157.189 | AT&T Internet Services | 2011-05-04 06:29:16 PM |
| 99.40.48.113 | AT&T Internet Services | 2011-06-07 02:28:49 PM |
| 99.8.113.236 | AT&T Internet Services | 2011-05-30 03:20:57 PM |