1

2                                    *E-FILED 08-05-2011*

3

4

5

6

7                               NOT FOR CITATION

8                   IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                             SAN JOSE DIVISION

11  HARD DRIVE PRODUCTIONS, INC.,          No. C11-03682 LHK (HRL)

12          Plaintiff,                     **ORDER GRANTING PLAINTIFF'S EX
                                           PARTE APPLICATION FOR LEAVE TO
13      v.                                 TAKE LIMITED EXPEDITED
                                           DISCOVERY**
14  DOES 1-166,
                                           **[Re:  Docket No. 5]**
15          Defendants.

16  _____/

17                               **BACKGROUND**

18          Plaintiff Hard Drive Productions, Inc. ("Hard Drive"), a company incorporated in

19  Arizona, filed this complaint on July 27, 2011.  Hard Drive alleges that at least one hundred and

20  sixty-six unknown Defendants knowingly and willfully infringed its copyright by downloading

21  and sharing its copyrighted work ("Work").  Specifically, Hard Drive alleges that Doe

22  Defendants engaged in unlawful concerted conduct for the purpose of infringing its Work using

23  an online peer-to-peer ("P2P") file-sharing tool called BitTorrent, in violation of the Copyright

24  Act, 17 U.S.C. § 101 *et seq*. See Compl. at 4-6.  The BitTorrent protocol, as explained by Judge

25  Grewal:

26          is a decentralized method of distributing data. Since its release approximately 10
            years ago, BitTorrent has allowed users to share files anonymously with other users.
27          Instead of relying on a central server to distribute data directly to individual users,
            the BitTorrent protocol allows individual users to distribute data amo[ng]
28          themselves by exchanging pieces of the file with each other to eventually obtain a
            whole copy of the file. When using the BitTorrent protocol, every user
            simultaneously receives information from and transfers information to one another.

United States District Court
For the Northern District of California

1

2    In the BitTorrent vernacular, individual downloaders/distributors of a particular file are called "peers." The group of peers involved in downloading/distributing a particular file is called a "swarm." A server which stores a list of peers in a swarm is called a "tracker." A computer program that implements the BitTorrent protocol is called a BitTorrent "client."

3

4    The BitTorrent protocol operates as follows. First, a user locates a small "torrent" file. This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to the peers in the swarm until the user manually disconnects [from] the swarm or the BitTorrent client otherwise does the same.

5

6

7

8

9    <u>Diabolic Video Productions, Inc. v. Does 1-2099</u>, No. 10-CV-5865 (PSG), 2011 U.S. Dist.

10   LEXIS 58351, at *3-4 (N.D. Cal. May 31, 2011).  As Hard Drive notes, the BitTorrent protocol

11   allows users to "engage in deep and sustained collaboration" with each other by

12   "simultaneously downloading and distributing copyrighted material."  Plaintiff's Ex Parte

13   Application ("Application") at 13:14-15, 17:12-13.  As each new peer joins a swarm and begins

14   to download and share the designated file, the swarm grows larger and gains greater efficiency.

15   <u>See</u> Hansmeier Decl. at ¶ 7.  BitTorrent also allows users to exchange files without having to

16   disclose their identities, using only an Internet Protocol ("IP") address assigned to them by their

17   respective Internet Service Providers ("ISP").  <u>See</u> Compl. at ¶ 8.

18         Hard Drive hired Media Copyright Group ("MCG"), a firm specializing in online piracy

19   detection, to identify the IP addresses of individuals engaged in file-sharing of its copyrighted

20   Work.  <u>See</u> Hansmeier Decl. at ¶¶ 12-20.  MCG used proprietary forensic software to locate the

21   swarms downloading and distributing Hard Drive's Work and to identify the IP address of each

22   user in the swarm, noting the date and time of the observed activity during a three-month

23   period.  <u>See</u> <u>id</u>.; Compl. Ex. A.

24         Hard Drive joined multiple Doe Defendants in this suit, claiming that P2P sharing of its

25   copyrighted Work comprised a transaction or series of transactions and asserting common

26   questions of law and fact among each Defendant.  <u>See</u> Compl. at 4-5.  Using the list of IP

27   addresses, Hard Drive seeks leave to subpoena the ISPs to identify each Doe Defendant's name,

28   address, telephone number, email address, and Media Access Control information.  Application

**United States District Court**
For the Northern District of California

1    at 25:3-10.  Hard Drive claims that it cannot identify Doe Defendants for purposes of service of

2    process unless its Ex Parte Application for Leave to Take Limited Expedited Discovery

3    ("Application") is granted.

4                                            **LEGAL STANDARD**

5            Under Federal Rule of Civil Procedure 26(d), a court may authorize early discovery

6    before the Rule 26(f) conference for the parties' convenience and in the interest of justice. FED.

7    R. CIV. P. 26(f)(1), (2).  Courts within the Ninth Circuit generally use a "good cause" standard

8    to determine whether to permit such discovery.  See, e.g., Apple Inc. v. Samsung Electronics

9    Co., Ltd., No. 11–CV–01846 LHK, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011);

10   Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002).  "Good

11   cause may be found where the need for expedited discovery, in consideration of the

12   administration of justice, outweighs the prejudice to the responding party."  Semitool, 208

13   F.R.D. at 276.

14           While discovery normally only takes place after a defendant has been served, where the

15   alleged tortious activity occurs entirely on-line, "[s]ervice of process can pose a special

16   dilemma for plaintiffs ... because the defendant may have used a fictitious name and address in

17   the commission of the tortious acts."  Liberty Media Holdings, LLC v. Does 1-62, No. 11-CV-

18   575 MMA (NLS), 2011 WL 1869923, at *2 (S.D. Cal. May 12, 2011) (quoting Columbia Ins.

19   Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999)).  In determining whether there is

20   good cause to allow expedited discovery to identify anonymous Internet users named as Doe

21   defendants, courts consider whether: (1) the plaintiff can identify the missing party with

22   sufficient specificity such that the Court can determine that defendant is a real person or entity

23   who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to

24   locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion

25   to dismiss, and; (4) the plaintiff has demonstrated that there is a reasonable likelihood of being

26   able to identify the defendant through discovery such that service of process would be possible.

27   Seescandy.com, 185 F.R.D. at 578-80.

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**DISCUSSION**

Hard Drive has met its burden as set forth above. First, Hard Drive's agent MCG used its forensic software to identify the unique IP addresses of individuals engaged in P2P sharing of the Work, noting the date and time of this activity. See Hansmeier Decl. at ¶¶ 15. The forensic analysis included verification of each IP address to ensure that it corresponded to users who actually reproduced and distributed the Work. See id. at ¶¶ 18-20. Plaintiff also used "geolocation" technology to trace these IP addresses to a point of origin within the state of California. Compl. at ¶ 3. Based on its findings, Hard Drive contends, and this Court believes, that "all defendants reside in or committed copyright infringement in the state of California." Id.

Second, Hard Drive has taken reasonable steps to identify these Doe Defendants but has been unable to do so. MCG's investigation revealed only the IP addresses of Doe Defendants and their affiliated ISPs, noting the date and time of the observed activity. See Hansmeier Decl. at ¶¶ 15-18. Hard Drive asserts that it has exhausted all other means of identifying Doe Defendants and that ultimate identification depends on a court order authorizing a subpoena of the ISPs. See id. at ¶ 21.

Third, this court is satisfied that Hard Drive's complaint would likely withstand a motion to dismiss. Hard Drive has sufficiently pled a prima facie case of copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq., and Doe Defendants, having engaged in the same transaction or series of transactions, share common questions of law and fact and are thus properly joined.

Fourth, Hard Drive has shown that there is a reasonable likelihood that its requested discovery will lead to the identification of Doe Defendants. Hard Drive asserts that ISPs assign a unique IP address to individual users and that an ISP retains records pertaining to those IP addresses for a limited period of time. Hansmeier Decl. at ¶¶ 16-17.

**CONCLUSION**

Based on the foregoing, the Court GRANTS Hard Drive's motion for expedited discovery. Accordingly, IT IS ORDERED THAT:

1.     Hard Drive may immediately serve Rule 45 subpoenas on the ISPs listed in Exhibit A to the Complaint to obtain information that will identify each Doe Defendant, including name, address, telephone number, email address, and media access control information.  Each subpoena shall have a copy of this Order attached.

2.     Each ISP will have 30 days from the date of service upon them to serve the subscribers of the IP addresses with a copy of the subpoena and a copy of this order.  The ISPs may serve the subscribers using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

3.     Subscribers shall have 30 days from the date of service upon them to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena).  If that 30–day period lapses without a subscriber contesting the subpoena, the ISPs shall have 10 days to produce the information responsive to the subpoena to Hard Drive.

4.     The subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

5.     Any ISP that receives a subpoena pursuant to this Order shall confer with Hard Drive and shall not assess any charge in advance of providing the information requested in the subpoena.  Any ISP that receives a subpoena and elects to charge for the costs of production shall provide Hard Drive with a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by such ISP.

6.     Hard Drive shall serve a copy of this order along with any subpoenas issued pursuant to this order to the necessary entities.

7.     Any information disclosed to Hard Drive in response to a Rule 45 subpoena may be used by Hard Drive solely for the purpose of protecting its rights as set forth in its complaint.

**IT IS SO ORDERED**

DATED: _____August 5, 2011_____



_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5:11-cv-03682-LHK (HRL) Notice will be electronically mailed to:

Brett Langdon Gibbs                    blgibbs@wefightpiracy.com