Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> DOES 1-166, ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | **No. C-11-03682-LHK** <br><br> **PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH OR MODIFY SUBPOENA** |

An anonymous individual ("Movant"), through his attorney Linda A. Ryan, filed a motion to quash an outstanding subpoena issued to Comcast Cable Holdings, LLC ("Comcast"), Movant's ISP, (Notice of Motion and Motion to Quash Subpoena to Comcast, October 3, 2011, ECF No. 11) with attached memorandum of law. (Memorandum of Points and Authorities in Support of Defendant Jane Doe's Motion to Quash Subpoena to Comcast, October 3, 2011, ECF No. 12 [hereinafter "Motion to Quash"].) Movant denies any wrongdoing. (*Id.* at 3, 5.) Movant also argues that the subpoena should be quashed because it violates Movant's privacy rights (*id.* at 3) and the subpoena is overbroad because it would give Plaintiff access to Movant's MAC information. (*Id.* at 4.)

**ARGUMENT**

This brief consists of four parts. Part I argues that Movant's factual denials are premature. Part II argues that Plaintiff's need for the information sought in the subpoena outweighs Movant's limited privacy interest. Part III argues that the subpoena issued to Comcast is not overbroad and

Movant's technical arguments are erroneous. Part IV argues Movant's Motion is not before the proper court.

### I. MOVANT'S FACTUAL DENIALS ARE PREMATURE

Movant claims to have done "nothing wrong" (Motion to Quash at 3, 5) and claims Movant "did not download or use BitTorrent." (*Id.* at 4.) Movant's factual denials are relevant at the merits phase of the litigation, but must give way to Plaintiff's *prima facie* claim for copyright infringement. *MCGIP, LLC v. Does 1–18*, No. C-11-1495 EMC, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) ("[T]he merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable."); *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *2 (D.D.C. May 12, 2011) (Howell, J.) ("A general denial of liability is not a basis for quashing the plaintiff's subpoena."); *First Time Videos, LLC v. Does 1–500*, No. 10-C-6254 (N.D. Ill. Aug. 9, 2011) (Castillo, J.), ECF No. 151 ("A general denial of liability is not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit."); *MCGIP, LLC v. Does 1–316*, No. 10-C-6677, 2011 WL 2292958, at *1 (N.D. Ill. June 9, 2011) (Kendall, J.) ("A general denial of engaging in copyright infringement . . . is not a basis for quashing a subpoena.").

Movant may have valid defenses, but the time to raise those is after Movant has actually been identified and if/when Movant is named as a party in this lawsuit. *Voltage Pictures*, 2011 WL 1807438, at *2; *see also Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (denying motion to quash and stating that movant will be able to "raise, at the appropriate time [after being named as a party], any and all defenses, and may seek discovery in support of its defenses"). Further, even if Movant turns out to not be the actual infringer, Plaintiff still needs Movant's identifying information from Movant's ISP to continue its litigation and protect its copyrighted works. Movant claims to have used "a wireless router which [Movant] did not password protect" and "other individuals, including her neighbors, could connect to the Internet using [Movant's] wireless . . ." (Motion to Quash at 2.) Movant is infinitely more likely to be know who her neighbors are than Plaintiff, and could, therefore, provide Plaintiff with information it seeks.

Simply talking to Movant or an inspection of Movant's wireless router could greatly aid Plaintiff in determining who the "true" infringer is in this case, and obtaining Movant's identifying information from Movant's ISP is the crucial first step to continuing this investigation and litigation. The Court should deny the instant motion because Movant's denial of liability is premature and not relevant to the legal standard for quashing a subpoena.

## II. PLAINTIFF'S NEED FOR THE INFORMATION SOUGHT IN THE SUBPOENA OUTWEIGHS MOVANT'S LIMITED PRIVACY INTEREST

Movant argues that the subpoena should be quashed because it impermissibly invades Movant's privacy rights. (Motion to Quash at 3.) This argument is unavailing. While Movant is correct in stating individuals have a right to use their computers to access certain aspects of the Internet, Movant has no right to unlawfully download and upload Plaintiff's copyrighted works while on the Internet.

Plaintiff has shown a legitimate need for discovery of Movant's identity that outweighs Movant's limited privacy interest and Movant's limited right to anonymous speech. *MCGIP, LLC v. Does 1-14*, 11 C 2887, at *2 (N.D. Ill. July 26, 2011) (Lindberg, J.), ECF No. 19 ("This Court agrees with the courts that have held that even the limited First Amendment privacy interest held by individuals who legally share electronic files is outweighed by the plaintiff's need for discovery of alleged copyright infringers' identifies.") As this Court recognized in granting Plaintiff's *Ex Parte* Application for Leave to Take Limited Expedited Discovery, Plaintiff has already exhaustively satisfied the standard for pleading a *prima facie* case of copyright infringement against Doe Defendants. (ECF No. 7 at 4.) ("[Plaintiff] has met its burden" for expedited discovery.) This, therefore, establishes sufficient need for the discovery in this case. Conversely, the First Amendment does not provide a shield for copyright infringers; the Supreme Court, accordingly, has rejected First Amendment challenges to copyright infringement actions. *See, e.g.*, *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 555–56, 569 (1985).

As the Honorable District Court Judge Edward M. Chen pointed out in *UMG Recordings, Inc. v. Does 1–4*, Doe Defendants who "open[ed] their computers to others through peer-to-peer

sharing" and signed service agreements with ISPs that did not have privacy stipulations, "had little expectation of privacy. No. 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006). Movant falls under this purview for the same reasons here. Federal courts across the nation have repeatedly held that individuals who use the Internet to download or distribute copyrighted works without permission are engaging in the exercise of speech, but only to a very limited extent, and the First Amendment does not protect that person's identity from disclosure. *See, e.g.*, *id.* at *2 (applying the *Sony Music* factors and allowing discovery of Doe defendants' identities); *Sony Music Entm't v. Does 1–40*, 326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004) ("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that plaintiff's need for discovery of alleged infringer's identity outweighed defendant's First Amendment right to anonymity); *Arista Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("[C]ourts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights.").

Movant cites to *United States v. Heckenkamp*, 482 F.3d 1142, 1146 (9th Cir.2007) for the proposition that "[a]n individual has a reasonable expectation of privacy in his personal computer." (Motion to Quash at 3.) However, the court further explains that an individual has a reasonable expectation of privacy only if he can "demonstrate a subjective expectation that his activities would be private, and he can show that his expectation was one that society is prepared to recognize as reasonable." (quoting *United States v. Nerber,* 222 F.3d 597, 599 (9th Cir.2000). Movant has failed to meet this requirement. Movant cannot cloak Movant's identity in constitutional protections when Movant's infringing activities are not private. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) ("[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so."); *see also Voltage Pictures*, 2011 WL 1807438, at *4 (finding movants' rights to anonymity to be minimal); *In re Verizon Internet Servs., Inc.*, 257 F.

Supp. 2d 244, 267 (D.D.C. 2003) ("[I]f an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world."), *rev'd on other grounds sub nom, Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003). Because Movant's limited privacy interest must give way in light of Plaintiff's *prima facie* showing of copyright infringement, the Court should deny Movant's motion.

### III.  THE SUBPOENA ISSUED TO COMCAST IS NOT OVERBROAD AND MOVANT'S TECHNICAL ARGUMENTS ARE ERRONEOUS

Movant makes the technical argument that the subpoena is overbroad because once Plaintiff receives Movant's Media Access Control (MAC) information, Plaintiff will be able to "probe [Movant's] machine without [Movant's] knowledge" and "could access [Movant's] e-mail." (Motion to Quash at 4-5.) Plaintiff has been advised by technical experts that these statements are simply untrue. Plaintiff would not be able to "probe" Movant's computer—whatever this means—and Plaintiff certainly would not be able to access Movant's e-mail. Moreover, Plaintiff has no interest in violating federal computer hacking statutes, and certainly any unauthorized access to Movant's e-mails—or perhaps even "probing"—would constitute such a violation.

To demonstrate the absurdity of Movant's claims, Plaintiff is more than willing to conduct an in-court demonstration where Plaintiff provides Movant with the MAC address information and IP address of a computer and Movant (or Movant's technical expert) must demonstrate that Movant can, in fact, access e-mails on that device. If Movant cannot, Movant will presumably withdraw these false claims. Plaintiff needs Movant's MAC information to identify the specific device used for the infringing activity so it can eventually examine the device for further evidence of copyright infringement. This information is critical to Plaintiff's lawsuit and access to this information has already been granted by this Court and courts around the nation. (ECF No. 7.)

Movant cites *Liberty Media Holdings, LLC, v. Does 1-62*, No. 11-cv-575, WL 1869923 (S.D. Cal. May 12, 2011), arguing that the motion should be quashed because Movant should not be forced to deal with the "prejudice," "embarrassment," and "harassment" of this litigation. (Motion to

Quash at 5.) However, Movant fails to inform this Court that the court in *Liberty Media*, that was also deciding a case involving copyright infringement of adult material through BitTorrent by unknown doe defendants, weighed these factors against plaintiff's need for discovery and *granted* plaintiff's request to serve subpoenas on the ISPs, seeking similar identifying information as Plaintiff in the instant case.

Movant also cites a decision in *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999) for the proposition that "Plaintiff should not be allowed to demand, and receive, personal information about [Movant] simply because it filed a civil lawsuit." (Motion to Quash at 5.) However, Plaintiff already addressed the *Seescandy.com* standard for allowing expedited discovery in its *Ex Parte* Application for Leave to Take Expedited Discovery (ECF No. 5) which this Court granted. (ECF No. 7.)

### IV.   MOVANT'S MOTION IS NOT BEFORE THE PROPER COURT

Movant's IPS is Comcast. The Comcast subpoena was issued from a court in the Northern District of Illinois (i.e. plaintiff's subpoena processing center and place of production). Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A); *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) ("[O]nly the issuing court has the power to act on its subpoenas . . . and nothing in the rules even hints that any other court may be given the power to quash or enforce them."); *see also IO Group v. J.W.*, No. C-10-05821, 2011 WL 237673, at *1 (N.D. Cal. Jan. 24, 2011) (Ryu) (citing *In re Sealed Case* in concluding the motion to quash fails because it was not filed in the proper court). Because the subpoena was issued from the Northern District of Illinois, and not the Northern District of California, the Court should decline to grant Movant's motion.

///

///

///

///

Respectfully Submitted,

                                            HARD DRIVE PRODUCTIONS, INC.

**DATED: October 17, 2011**

                            By:      /s/ Brett L. Gibbs, Esq.

                                  Brett L. Gibbs, Esq. (SBN 251000)
                                  Steele Hansmeier PLLC.
                                  38 Miller Avenue, #263
                                  Mill Valley, CA 94941
                                  415-325-5900
                                  blgibbs@wefightpiracy.com
                                  *Attorney for Plaintiff*

PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH SUBPOENA   No. C-11-03682 LHK

**Certificate of Service**

    **I hereby certify** that a true and correct copy of the foregoing was served via the Court's CM/ECF system on October 17, 2011 on all counsel or parties of record who are deemed to have consented to electronic service.

                                                      /s/ Brett L. Gibbs, Esq.
                                                          Brett L. Gibbs, Esq.