LINDA A. RYAN, ESQ. SBN 185356
LAW OFFICES OF LINDA A. RYAN
182 Farmers Ln, Ste. 101
Santa Rosa, CA 95405
Telephone: (707) 568-7700
Facsimile: (707) 284-2697
E-mail: ryanlawoffices@comcast.net

Attorney for Jane Doe One
SPECIAL APPEARANCE

GARY HOENIG, SBN 194384
LAW OFFICES OF GARY HOENIG
182 Farmers Ln, Ste. 101
Santa Rosa, CA 95405
Telephone: (707) 542-4622
Facsimile: (707) 542-3810
E-mail: ghoenig@ap.net

Attorney for Jane Doe One
SPECIAL APPEARANCE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., | No. C11-03682 LHK (HRL) |
| Plaintiff, | Special Appearance by Jane Doe One (Sued herein as Doe 1) |
| v. | **DEFENDANT JANE DOE ONE'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JANE DOE'S MOTION TO QUASH SUBPOENA TO COMCAST** |
| DOES 1 - 166, | |
| Defendants. | |
| | Date:<br>Time:<br>Dept.:<br>Trial Date: None |
| | Accompanying Documents: |
| | 1. Declaration of Linda A. Ryan |

Defendant JANE DOE ONE [hereinafter "Defendant"] submits the following Reply

////

1
Defendant Jane Doe One's Reply Memorandum of Points and Authorities
in Support of Jane Doe One's Motion to Quash Subpoena to Comcast

Memorandum of Points and Authorities in Support of her Motion to Quash Subpoena to Comcast.

# I

## LEGAL ARGUMENT

Defendant's Motion to Quash is before the proper Court pursuant to this Court's Order Granting Plaintiff's Ex Parte Application for Leave to Take Limited Expedited Discovery. (ECF No. 5) Specifically, this Court ordered as follows:

> "3. Subscribers shall have 30 days from the date of service upon them to file any motions **in this Court** contesting the subpoena (including a motion to quash or modify the subpoena)." (Order, p. 5, l. 11-13) (*Emphasis added.*)

Accordingly, this Court indicated that it would first consider the motions to quash or modify the subpoenas issued pursuant to its Order. If necessary, Defendant's Motion to Quash can be transferred to the Northern District of Illinois for a ruling.

Further, the Court may cure any procedural defect caused by filing Defendant's motion to quash in this Court by treating the motion to quash as a motion for a protective order pursuant to Federal Rules of Civil Procedure 26(c)(1). (IO Group v. J.W. (2011) WL 237673(N.D.Cal. 2011).)

A party may move for a protective order in the Court where the action is pending and the Court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression or undue burden or expense including forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters. (Fed. Rules of Civ. Proc., Rule 26(c).)

The purpose of pre-discovery is to provide Plaintiff with the identity and address of a Doe defendant to permit Plaintiff to effect service. (See IO Group v. J.W., *supra*, WL 237673(N.D.Cal. 2011).) The only information necessary to identify and serve Defendant is Defendant's name and address. Defendant's telephone number, e-mail address and media access control information are unnecessary to identify and serve Defendant and the Subpoena to

Comcast is overbroad. The telephone number, e-mail address and media access control information are appropriate subjects for further discovery after, defendant has been served and has had an opportunity to file other motions.

Good cause exists for a protective order in the present case because Defendant has filed a declaration under penalty of perjury stating that she did not download Plaintiff's work and has never viewed a movie of any sort on her computer. While Plaintiff notes in its response herein that Defendant is more likely to know the identity of others, including her neighbors, than Plaintiff and could provide Plaintiff with such information, that knowledge would make Defendant a potential witness and not a party.

Plaintiff has no good cause to name Defendant as a party. It is possible for an individual to have BitTorrent on a computer for legitimate file sharing purposes having nothing to do with Plaintiff's work. It is also possible for Defendant's open wireless to have been used by an unknown third party to download Plaintiff's work without the knowledge or permission of Defendant. Defendant should not be made a named party in this case simply because an unknown third party accessed her open wireless without permission.

Defendant did not have any opportunity to object to the Order when made. (ECF No. 7) Defendant now objects, pursuant to Federal Rules of Civil Procedure, Rule 46, to the Court's Order Granting Plaintiff's Ex Parte Application for Leave to Take Limited Expedited Discovery on the grounds that the purpose of the pre-discovery rules are to identify defendants and provide addresses in order to effect service. Defendants' telephone number, e-mail address and media access control information may well be the subject of further discovery but are not necessary to identify defendant and effect service, and the Order is overbroad.

## II

## CONCLUSION

WHEREFORE, defendant JANE DOE ONE'S request that the Court grant Defendant's Motion to Quash the Subpoena to Comcast in its entirety or, in the alternative, treat the Motion to Quash as a Motion for a Protective Order and grant the Protective Order to the limited extent that

any information regarding JANE DOE ONE released to Plaintiff by Comcast shall be treated as confidential. Specifically, Defendant requests that Plaintiff shall not publicly disclose that information until JANE DOE ONE has had the opportunity file a motion setting forth her legal and factual arguments to support her request to be permitted to proceed in this litigation anonymously and that motion is ruled on by the Court.

    Defendant finally requests that this Court modify its Order signed on August 5, 2011, filed the same date, to provide that the Rule 45 subpoenas on the ISPs listed in Exhibit "A" to the Complaint to obtain information that will identify each Doe defendant by name and address only.

Dated: October 24, 2011

    Respectfully submitted,

    LAW OFFICES OF LINDA A. RYAN


    /s/ Linda A. Ryan
    LINDA A. RYAN, ESQ.
    Specially appearing as Attorney for
    Defendant JANE DOE ONE

**PROOF OF SERVICE**

I, Tiffany Avila, declare:

I am a citizen of the United States and a resident of the County of Sonoma, State of California. I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 182 Farmers Lanes St. 101, Santa Rosa, CA 95405. On the date given I served the following:

1. Defendant Jane Doe's Reply Memorandum of Points and Authorities in Support of Jane Doe One's Motion to Quash Subpoena to Comcast
2. Certification / Declaration of Linda A. Ryan Regarding Meet and Confer Regarding Jane Doe One's Motion to Quash Subpoena to Comcast

on all the interested parties in said action as follows:

Brett L. Gibbs, Esq.
STEELE HANSMEIER PLLC
38 Miller Avenue, #263
Mill Valley, CA 94941
Telephone: (415) 325-5900
blgibbs@wefightpiracy.com

John Steele, Esq.
STEELE HANSMEIER PLLC
161 N Clark St., Ste. 3200
Chicago, IL 60601
Telephone: (312) 880-9160
jlsteele@wefightpiracy.com

Comcast Legal Response Center
NE&TO
650 Centerton Road
Moorestown, NJ 08057
Facsimile: (866) 947-5587

__X__ **BY FIRST CLASS MAIL (C.C.P. §§1005;1013a, et seq.):**
I caused a true copy of said document(s) to be deposited in a U.S. mail box in a sealed envelope with postage thereon fully prepaid in the City of Santa Rosa, State of California, after the close of the day's business.

_____ **BY FACSIMILE (C.C.P. §§1005(b);1012.5 et seq.):**
I caused said document(s) to be telecopied to each addressee's facsimile number.

_____ **BY FEDERAL EXPRESS NEXT DAY DELIVERY (C.C.P. §§1005(b),1013 (c)(d), et seq.):**
I caused said document(s) to be deposited with an express service carrier in a sealed envelope designated by the carrier as an express mail envelope, with fees and postage pre-paid and reasonably calculated to ensure delivery to the addressee not later than the close of the next business day.

_____ **BY HAND DELIVERY/PERSONAL SERVICE (C.C.P. §§1005;1011, et seq.):**
I caused said document(s) to be personally delivered to each addressee.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: October 24, 2011              /s/ Tiffany Avila
                                     TIFFANY AVILA

LINDA A. RYAN, ESQ. SBN 185356
LAW OFFICES OF LINDA A. RYAN
182 Farmers Ln, Ste. 101
Santa Rosa, CA 95405
Telephone: (707) 568-7700
Facsimile: (707) 284-2697
E-mail: ryanlawoffices@comcast.net

Attorney for Jane Doe One
SPECIAL APPEARANCE

GARY HOENIG, SBN 194384
LAW OFFICES OF GARY HOENIG
182 Farmers Ln, Ste. 101
Santa Rosa, CA 95405
Telephone: (707) 542-4622
Facsimile: (707) 542-3810
E-mail: ghoenig@ap.net

Attorney for Jane Doe One
SPECIAL APPEARANCE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., | No. C11-03682 LHK (HRL) |
| Plaintiff, | Special Appearance by Jane Doe One (Sued herein as Doe 1) |
| v. | **CERTIFICATION / DECLARATION OF LINDA A. RYAN REGARDING MEET AND CONFER ON JANE DOE ONE'S MOTION TO QUASH SUBPOENA TO COMCAST** |
| DOES 1 - 166, | |
| Defendants. | |
| | Date:<br>Time:<br>Dept.:<br>Trial Date: None |
| | Accompanying Documents:<br>1. Reply Memorandum of Points and Authorities |

I, LINDA A. RYAN, declare as follows:

1

Certification / Declaration of Linda A. Ryan Regarding Meet and Confer
on Jane Doe One's Motion to Quash Subpoena to Comcast