Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DOES 1-166, ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | **No. C-11-03682-LHK (HRL)** <br><br> **PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH OR MODIFY SUBPOENA** |

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 24.205.39.229 filed a motion to quash or modify the subpoena. (Motion to Quash or Modify Subpoena, October 20, 2011, ECF No. 24 [hereinafter "Motion to Quash"].) Movant argues that Plaintiff has improperly joined the defendants in this case. (*Id.* at 3-5.)

**ARGUMENT**

This brief consists of three parts. Part I argues that Movant's motion should be stricken for failure to comply with Rule 11. Part II argues that argues that joinder is proper at this early stage of litigation. Part III argues that Movant's motion is not before the proper court.

**I.  MOVANT'S MOTION SHOULD BE STRICKEN FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 11**

Movant fails to provide any identifying information sufficient to satisfy the Federal Rules of Civil Procedure. Fed. R. Civ. P. 11 provides that "[e]very pleading, written motion, and other paper

must be signed" and "must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a). This rule is intended to maintain the integrity of the system of federal practice and procedure, deter baseless filings, and streamline the administration and procedure of federal courts. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 552 (1990); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "[P]arties to a lawsuit must typically openly identify themselves in their pleadings to 'protect[] the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)); *see also Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005). The Court should exercise its inherent power to control its docket and strike Movant's motion for failure to comply with this essential rule. The Honorable Judge William Alsup explained the importance of Rule 11's signature requirements in another copyright infringement case, *IO Group, Inc. v. Does 1–244*, No. C 10-03647 WHA (N.D. Cal. May 10, 2011): "There is no way to determine whether the motion was filed by a real party in interest or a stranger to the litigation. As such, the filing is improper. . . . If Possible John Doe wishes to appear in this action anonymously or otherwise, he or she must follow the proper procedures for doing so." The same concerns are present here.

Allowing anonymous persons to litigate before a court raises many issues, including the risk that persons without any connection to a case whatsoever submit pleadings that affect the future course of litigation for actual parties to the case. The Court's esteemed colleagues from other jurisdictions understand this basic point. *Hard Drive Productions, Inc., v. Does 1-21*, No. 11-cv-00059 SEB (S.D. Ind. July 27, 2011), ECF No. 22. ("[T]he Court cannot permit anonymous persons to litigate before it *pro se*.") *Pink Lotus Entertainment, LLC, v. John Does 1-53*, No. 11-cv-22103 (S.D. Fla. Sept. 6, 2011), ECF No. 19 (Striking a motion to dismiss because the anonymous John Doe failed to comply with Rule 11 of the Federal Rules of Civil Procedure). Movant fails to provide a name, address, e-mail address, telephone number, or even a copy of any legal documents (such as the subpoena) he has received in this case. This Court cannot be sure that Movant has any legal status in this case. Movant could be anyone—perhaps someone who simply dislikes copyright

2

PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH OR MODIFY SUBPOENA   No. C-11-03682 LHK

infringement lawsuits or who has a personal vendetta against Plaintiff. Movant could claim anything he wanted in a Motion and face no responsibility for what was asserted. The Court has a responsibility to the parties in a lawsuit to protect them from baseless accusations and unnecessary litigation. *Hard Drive Productions, Inc.*, No. 11-cv-00059 ("The Court must be informed as to the identity of the parties before it for whole host of good reasons, including but not limited to the need to make service of its orders, enforce its orders, and ensure that the Court's resources (and the public tax dollars that fund those resources) are not misspent on groundless litigation.") The Court should strike Movant's motion or order Movant to show cause for why his motion should not be stricken.

## II.   JOINDER IS PROPER AT THIS EARLY STAGE OF THE LITIGATION

Movant argues that "[t]he Plaintiff's joinder of 166 defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individuals justice to those sued." (Motion to Quash at 3.) Plaintiff has previously addressed these joinder concerns in other pleadings and will further address them here.

Specifically, Movant claims that, "Plaintiff has made no allegation that any copy of the work [the individual Defendants] downloaded came jointly from any of the Doe defendants." (Motion to Quash at 5.) This is untrue; Plaintiff has exhaustively alleged joint collaboration among Defendants in this case. (*See* Compl. ¶¶ 9-13) (explaining how the Defendants entered into the same BitTorrent swarm for the sole purpose of exchange pieces of the Plaintiff's copyright work amongst each other); (*see also* Compl. ¶ 33) ("In using the peer-to-peer BitTorrent file distribution method, each Defendant participated in, aided in, attempted to aid in, or at least knew of the formation and operation of a common-plan conspiracy to unlawfully reproduce and distribute [Plaintiff's copyrighted work] by exchanging pieces of the File containing the Video in a specific and unique torrent swarm on BitTorrent.")

In support of his misjoinder argument, Movant offers up numerous cases involving different file transfer protocols, different pleadings and different procedural contexts. The decisions in *Laface Records, LLC v. Does 1-38*, 2008 U.S. Dist. LEXIS 14544 (E.D.N.C. 2008), *BMG Music v. Does 1-4*, 2006 U.S. Dist. LEXIS 53237, No. 06-01579 (N.D. Cal. 2006), *Interscope Records v. Does 1-25*,

2004 U.S. Dist. LEXIS 27782 (M.D. Fla. 2004), and the General Order, *In re Cases Filed by Recording Companies*,[1] all cited by Movant, involve wholly different technology than the BitTorrent protocol at issue in the present case. The BitTorrent protocol necessitates deep and sustained collaboration of the participating individuals that does not exist in these other cases.

Movant argues that even with these technical differences aside, "the individual Defendants still have no knowledge of each other, nor do they control how the [BitTorrent] protocol works . . ." (Motion to Quash at 5.) However, neither of these concerns addresses the standard that must be met to establish joinder. The court in *Patrick Collins v. Does 1-2590*, 2011 WL 4407172, *4 (N.D. Cal. 2011) explains that "[t]he Ninth Circuit has interpreted the phrase 'same transaction, occurrence, or series of transactions or occurrences' to require a degree of factual commonality underlying the claims." (citing *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir.1997)). The standard, therefore, is not how much the Defendants knew about their joint collaboration, but instead how factually similar their claims are. Plaintiff has met this standard for joinder because the claims against the Defendants in this case are nearly identical.

Further, to aid in their application of the "transaction or occurrence test," courts look to how the test is applied in other provisions of the Federal Rules, such as Rule 13(a). *Mosley v. General Motors Corporation*, 497 F.2d 1330, 1332-33 (8th Cir. 1974). The Supreme Court states that the meaning of "transaction," as used in Rule 13(a), "may comprehend a series of many occurrences, depending not so much upon the immediateness of their own connection as upon their logical relationship." *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926). Accordingly, "Rule 20 would permit all reasonably related claims by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." *Mosley*, 497 F.2d at 1333. Under the Supreme Court's reasoning, joinder at this stage of the litigation is proper, because Plaintiff has plainly established a "logical relationship" among the Defendants involved in this case and has shown that the claims against the Defendants are all "reasonably related."

---

[1] Filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY), *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004) and *Twentieth Century Fox Film Corp. v. Does 1-12*, No. C 04-04862 WHA (N.D. Cal. 2004).

Finally, courts considering other cases with nearly-identical facts have decided that such issues are premature at this stage in the litigation. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (citing *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873 (BAH), 2011 WL 1807438, at *4 (D.D.C. May 12, 2011)) (finding joinder "proper" at early stage of litigation, even where movant's assertion of misjoinder "may be meritorious"); *Hard Drive Productions, Inc., v. Does 1-46*, C-11-1959 EMC, ECF No. 22 at *2 (N.D. Cal. June 23, 2011) ("At this state in the litigation, when discovery is underway only to learn identifying facts necessary to permit service on Doe defendants, joinder of unknown parties identified only by IP addresses is proper."); *MCGIP, LLC v. Does 1–14*, No. 11-cv-2887 (N.D. Ill. July 26, 2011), ECF No. 19; *MGCIP* [sic] *v. Does 1–316*, No. 10-C-6677, 2011 WL 2292958, at*2 (N.D. Ill. June 9, 2011) (citing *Donkeyball Movie, LLC v. Does 1–18*, No. 10-1520, 2011 WL 1807452, at *4 (D.D.C. May 12, 2011)). This court should follow the wisdom of these courts and find that joinder is proper at this stage of the litigation.

### III.   MOVANT'S MOTION IS NOT BEFORE THE PROPER COURT

Movant's ISP is Charter Communications, LLC. The subpoena issued to Charter Communications was issued from the Central District of Illinois. Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A); *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) ("[O]nly the issuing court has the power to act on its subpoenas . . . and nothing in the rules even hints that any other court may be given the power to quash or enforce them."); *see also IO Group v. J.W.*, No. C-10-05821, 2011 WL 237673, at *1 (N.D. Cal. Jan. 24, 2011) (Ryu) (citing *In re Sealed Case* in concluding the motion to quash fails because it was not filed in the proper court). Because Movant failed to bring the Motion before the court that issued the subpoena, this Court lacks the statutory authority to quash the subpoena at issue in this case.

5
PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH OR MODIFY SUBPOENA   No. C-11-03682 LHK

# CONCLUSION

The Court should deny Movant's motion. Movant has failed to comply with the most basic rules of procedure for bringing a motion. Joinder is proper at this early stage of litigation. Movant's motion is not before the proper court.

HARD DRIVE PRODUCTIONS, INC.

**DATED: October 26, 2011**

By:      /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

### Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served via the Court's CM/ECF system on October 26, 2011 on all counsel or parties of record who are deemed to have consented to electronic service.

    /s/ Brett L. Gibbs, Esq.
    Brett L. Gibbs, Esq.