Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., <br><br> Plaintiff, <br> v. <br> DOES 1-166, <br><br> Defendants. | No. 5:11-CV-03682-LHK <br><br> **PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH AND VACATE SUBPOENA** |

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 97.94.162.56 filed a motion to quash and vacate the subpoena issued to Charter Communications, LLC. (Motion of Nonparty to Quash and Vacate Subpoena, Nov.10, 2011, ECF No. 42 [hereinafter "Motion to Quash"].) Movant argues that the subpoena should be quashed "on the grounds of improper joinder, because the connection between an IP address and Movant is speculative, because of undue burden, for improper venue, and in the interests of justice." (*Id.* at 1.) Movant further argues that his anonymity is entitled to protection. (*Id.* 2-3.) Finally, Movant denies that he was involved in any copyright infringement or civil conspiracy (*id.* at 2-3) and makes several technical arguments on the merits. (*Id.* at 6-7.)

## ARGUMENT

This brief consists of seven parts. Part I argues that Movant lacks standing to bring this motion. Part II argues that Movant's motion is before the wrong court. Part III argues that joinder is proper at this early stage of litigation. Part IV argues that Plaintiff's need for the information sought

in the subpoena outweighs Movant's limited privacy interests. Part V argues that Movant's denials and arguments on the merits are not a basis for the quashing of the subpoena. Part VI argues that Movant cannot credibly claim that his ISP's compliance with the subpoena would unduly burden him. Part VII argues that Movant's improper venue argument is premature.

### I. MOVANT LACKS STANDING TO BRING THIS MOTION

Movant's motion to quash or modify one of the multiple subpoenas issued to nonparty ISPs should be denied because Movant lacks standing to bring it. When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by that nonparty. 9 James Wm. Moore, et al., *Moore's Federal Practice* § 45.50[3]; *see also* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2459 (2d ed. 1994). In particular, a party to the action does not have standing to assert any rights of the nonparty as a basis for a motion to quash or modify a subpoena. *Moore's Federal Practice* § 45.50[3]; *see also Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (citing *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967); *Shepherd v. Castle*, 20 F.R.D. 184, 188 (W.D. Mo. 1957)); *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (D. Pa. 2001) (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)).

The court in *Vogue Instrument Corporation v. Lem Instruments Corporation* explained that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas." 41 F.R.D. at 348. All subpoenas issued pursuant to the Court's August 5 Order (ECF No. 7) have been issued to nonparty ISPs. The ISP that provides Internet access to Movant is the entity to which the specific subpoena at issue was directed, and the ISP is also the entity in possession and control of the information sought in the subpoena—not Movant. Movant therefore lacks standing for his motion to quash or modify the subpoena.

The application of this well-established rule would not leave ISP subscribers without recourse, as an exception to this general rule may be applicable under certain circumstances. The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). The only exception applicable to Movant is if he had brought the motion to quash

on the basis that the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). "If . . . a party claims a personal right or privilege regarding the production . . . sought by a subpoena directed to a nonparty, the party has standing to move to quash or modify the subpoena." *Moore's Federal Practice* § 45.50[3]; *see also Thomas*, 202 F.R.D. at 434. Movant failed to claim a personal right of privilege anywhere in his motion. (*See generally* Motion to Quash.) Movant's motion should therefore be denied, as he lacks standing to bring any argument to quash or modify the subpoena beyond a validly-stated personal right or privilege.

## II.   MOVANT'S MOTION MAY NOT BE BEFORE THE PROPER COURT

Movant's ISP is Charter Communications, LLC. The subpoena issued to Charter Communications, LLC was issued from the Central District of Illinois. Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the *issuing court* must quash or modify a subpoena that . . .") (emphasis added.) Although the authorization to serve Rule 45 subpoenas comes from this Court, the power to quash or enforce those subpoenas lies solely with the courts from which the relevant subpoenas were issued. *SEC v. CMKM Diamonds, Inc.*, 2011 U.S. App. LEXIS 17833, *7-8 (9th Cir. Aug. 26, 2011) ("On the basis of the clear language of Rule 45, we must hold that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain a motion to quash or modify a subpoena.") The subpoenas were issued from those respective courts because they primarily implicate the rights of nonparty ISPs with authorized agents in those jurisdictions. *See In re Sealed Case*, 141 F.3d at 342 (writing that the vesting of powers regarding subpoenas in the subpoena-issuing court "affords the nonparty deponent . . . territorial protection"). Because Movant failed to bring the Motion before the court that issued the subpoena, this Court lacks the statutory authority to quash the subpoena at issue in this case.

## III.   JOINDER IS PROPER AT THIS EARLY STAGE OF THE LITIGATION

Movant argues that joinder of Movant is improper (Motion to Quash at 3-6.) However, courts considering other cases with nearly-identical facts have decided that such issues are premature at this stage in the litigation. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal.

June 2, 2011) (citing *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873 (BAH), 2011 WL 1807438, at *4 (D.D.C. May 12, 2011)) (finding joinder "proper" at early stage of litigation, even where movant's assertion of misjoinder "may be meritorious"); *Hard Drive Productions, Inc., v. Does 1-46*, C-11-1959 EMC, ECF No. 22 at *2 (N.D. Cal. June 23, 2011) ("At this state in the litigation, when discovery is underway only to learn identifying facts necessary to permit service on Doe defendants, joinder of unknown parties identified only by IP addresses is proper."); *First Time Videos, LLC, v. Does 1-76*, 11 C 3831 (N.D. Ill. (Aug. 16, 2011), ECF No. 38 at *10 ("[I]n any event, findings of misjoinder in such cases are rare. The overwhelming majority of courts have denied as premature motions to sever prior to discovery.")

Movant cites to *Interscope Records v. Does 1-25*, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. 2004) and *Elektra Ent. Gourp, Inc. v. Does 1-9*, 2004 WL 2095581 (S.D. N.Y. 2004) for the proposition that joinder of multiple defendants in copyright infringement cases over peer-to-peer networks have historically failed. These cases, however, differ greatly from the instant case. The plaintiffs in *Interscope* and *Elektra* did not allege any collaboration among the defendants, much less infringement of the *same copyrighted work*, and appropriately so. The infringers in *Interscope* and *Elektra* infringed on different files belonging to different copyright holders, which would undermine the case for collaboration. For example, in *Elektra*, Doe #1 was alleged to have infringed on recordings by Madonna, Smashing Pumpkins, Tonic, Radiohead, Mariah Carey, Nelly, Dido, Michael Jackson, Bruce Springsteen, and the Dave Matthews Band, while Doe #2 was alleged to have infringed on recordings by Usher, Matchbox 20, Hanson, Spice Girls, Vanessa Williams, Whiney Houston, Jennifer Lopez, and Tamia—no overlap whatsoever. Complaint for Copyright Infringement, Exhibit A, *Elektra Ent. Gourp, Inc.*, 2004 WL 2095581, ECF No. 1 at 9-10. This is in stark contrast to Plaintiff's pleading where it is exhaustively alleged that the Defendants infringed on the exact same file, containing the exact same copyrighted work, from the exact same copyright holder.

Movant also cites to a decision by the Honorable Judge Spero in *Hard Drive Productions, Inc. v. Does 1-188*, 11-01566 (N.D. Cal. Aug. 23, 2011) for support of his misjoinder claim. (Motion to Quash at 4-5.) As Movant points out, the Court in *Hard Drive* relies on *BMG Music v. Does 1-*

*203*, 04-650, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004) for its decision. The court in *BMG* faced a case that included nearly 20 plaintiffs, each claiming violations of different copyrights. In *BMG* there was no collaboration among the defendants. Allegations of joinder were therefore insufficient, but for reasons that are not as issue in this case. In the present case, there is one Plaintiff, one copyright at issue, and the Defendants actually collaborated and interacted to infringe on that copyrighted work.

Movant takes issue with the fact that infringement by the Doe Defendants took place "over a period of 3 months . . ." (Motion to Quash at 5.) However, this temporal concern does not defeat joinder. Claims arise out of the "same transaction or occurrence" for the purposes of joinder if they share similar factual backgrounds. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Claims possess sufficient factual similarity if they "arise out of a systematic pattern of events." *Bautista v. Los Angeles County*, 216 F.3d 837, 842-43 (9th Cir. 2000) (citations omitted). To aid in their application of the "transaction or occurrence test," courts look to how the test is applied in other provisions of the Federal Rules, such as Rule 13(a). *Mosley v. General Motors Corporation*, 497 F.2d 1330, 1332-33 (8th Cir. 1974). The Supreme Court states that the meaning of "transaction", as used in Rule 13(a), "may comprehend a series of many occurrences, depending not so much upon the immediateness of their own connection as upon their logical relationship." *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926). Accordingly, "Rule 20 would permit all reasonably related claims by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." *Mosley*, 497 F.2d at 1333. Participation in a single swarm is sufficient to establish similar factual background and a strong logical relationship. *See Patrick Collins, Inc. v. Does 1-2,590*, No. C 11-02766 MEJ, 2011 WL 3740487 *6 (N.D. Cal. Aug. 24, 2011) ("[T]he Court finds that Plaintiff has at least presented a reasonable basis to argue that the BitTorrent protocol functions in such a way that peers in a single swarm downloading or uploading a piece of the same seed file may fall within the definition of "same transaction, occurrence, or series of transactions or occurrences" for purposes of Rule 20(a)(1)(A)).

Further, the Supreme Court in *United States v. Mississippi*, reversed the district court's severance of defendants where plaintiff alleged that "registers had acted and were continuing to act

as part of a state-wide system designed to [discriminate]." 380 U.S. 128, 142 (1965). In a similar fashion, Plaintiff alleged, *inter alia*, that the putative defendants acted and were continuing to act as part of a system designed to infringe on one of its copyrighted works. (*See* Compl.) Therefore, it is not the proximity in time of the infringements that matters for joinder, but upon their factual and logical relationship and system to commit copyrighted infringement. Plaintiff has exhaustively alleged that the Defendants infringed on the exact same file, containing the exact same copyrighted work, from the exact same copyright holder.

### IV. PLAINTIFF'S NEED FOR THE INFORMATION SOUGHT IN THE SUBPOENA OUTWEIGHS MOVANT'S LIMITED PRIVACY INTEREST

Movant argues that his anonymity is entitled to protection. (Motion to Quash at 2-3.) Federal courts across the nation have repeatedly held that individuals who use the Internet to download or distribute copyrighted works without permission are not entitled to protection of their identities under the First Amendment. *See, e.g.*, *Sony Music Entm't v. Does 1–40*, 326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004) ("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."); *UMG Recordings, Inc. v. Does 1–4*, No. 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006) (finding that Doe Defendants who "open[ed] their computers to others through peer-to-peer sharing had little expectation of privacy."); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that plaintiff's need for discovery of alleged infringer's identity outweighed defendant's First Amendment right to anonymity); *Arista Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("[C]ourts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights.").

Movant cannot cloak his identity in the First Amendment when his infringing activities are not private. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) ("[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so."); *see also Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4

1  (D.D.C. May 12, 2011) (finding movants' rights to anonymity to be minimal); *In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003) ("[I]f an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world."), *rev'd on other grounds sub nom, Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003). Because Movant's limited privacy interest must give way in light of Plaintiff's *prima facie* showing of copyright infringement, the Court should deny Movant's motion.

### V. MOVANT'S FACTUAL DENIALS AND ARGUMENTS ON THE MERITS ARE PREMATURE AND NOT RELEVANT TO THIS MOTION

Movant denies personally infringing Plaintiff's copyrights, and argues that he "was not involved in any conspiracy to download any file off the Internet." (Motion to Quash at 2.) A general denial of liability, however, is not a basis for quashing Plaintiff's subpoena. *First Time Videos, LLC v. Does 1–500*, No. 10-C-6254 (N.D. Ill. Aug. 9, 2011) (Castillo, J.), ECF No. 151 ("A general denial of liability is not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit."); *MCGIP, LLC v. Does 1–316*, No. 10-C-6677, 2011 WL 2292958, at *1 (N.D. Ill. June 9, 2011) (Kendall, J.) ("A general denial of engaging in copyright infringement . . . is not a basis for quashing a subpoena."); *MCGIP, LLC v. Does 1–18*, No. C-11-1495 EMC, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) ("[T]he merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable."); *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *2 (D.D.C. May 12, 2011) (Howell, J.) ("A general denial of liability is not a basis for quashing the plaintiff's subpoena.").

Movant further challenges the connection between Movant and his IP address, and argues that "IP address tracing by geo-location technology is not equivalent to scientific DNA testing or fingerprint technology." (Motion to Quash at 6-7.) The proper time to raise these arguments is after Movant has actually been identified and named as a party in this lawsuit— the latter being a step that Plaintiff may or may not choose to take based on its own evaluation of Movant's assertions. *Voltage*

*Pictures*, 2011 WL 1807438, at *2; *see also Achte/Neunte Boll Kino Beteiligungs GMBH & Co.*, 736 F. Supp. 2d at 215 (denying motions to quash and stating that "such defenses are not at issue" before putative defendants are named parties); *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (denying motion to quash and stating that movant will be able to "raise, at the appropriate time [after being named as a party], any and all defenses, and may seek discovery in support of its defenses"). The Court should deny the instant motions because Movant's factual denials and merits-based technological arguments are premature and not relevant to his motion.

### VI. MOVANT CANNOT CREDIBLY CLAIM THAT CHARTER COMMUNICATIONS' COMPLIANCE WITH THE SUBPOENA WOULD UNDULY BURDEN HIM

Movant claims that the subpoena should be quashed because disclosure of his identity would subject him to an undue burden. (Movant to Quash at 1.) Movant cannot credibly claim any hardship at this juncture; only the nonparty ISP subject to Plaintiff's subpoena could potentially claim the same. Movant's concern is premature; he has not yet been named as a party to this action. Because Movant is currently merely an anonymous nonparty on notice of his potential future status as a party defendant, Movant is not required to respond to the allegations presented in Plaintiff's Complaint nor otherwise litigate in this district. *See, e.g.*, *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *3 (D.D.C. May 12, 2011) (Howell, J.). Movant faces no obligation to produce any information under the subpoena issued to his nonparty ISP and consequently "cannot claim any hardship, let alone undue hardship." *Id.*; *see also Worldwide Film Entm't, LLC v. Does 1–749*, No. 10-0038, 2010 WL 19611962, at *2 (D.D.C. May 17, 2010) (finding that movant challenging nonparty ISP subpoena cannot demonstrate "*any* burden"). As Judge Chen of the Northern District of California wrote in response to similar motions, "being named as a defendant in a case does not in and of itself constitute an undue burden such that the subpoena should be quashed." Order Den. Does' Mots. to Quash, *Hard Drive Prods., Inc. v. Does 1–46*, No. 11-1959 (N.D. Cal. June 16, 2011), ECF No. 19. The Court should deny Movant's motion because only a subpoenaed ISP could credibly bring an undue burden argument.

### VII. MOVANT'S CHALLENGE TO VENUE IS PREMATURE

Movant argues that venue is improper (Motion to Quash at 1, 7.) This argument is premature at this stage of the litigation, when the Court has limited means to evaluate Movant's specific connections with this forum. *E.g.*, *First Time Videos, LLC v. Does 1-500*, No. 10-cv-6254, at *17 (N.D. Ill. Aug. 9, 2011) [hereinafter Castillo Aug. 9 Order] (Castillo, J.), ECF No. 151 ("Such assertions . . . will be relevant once the Putative Defendants are named as parties in this action, but not before. Defendants cannot be dismissed under Federal Rule of Civil Procedure 12(b)(2) from a lawsuit to which they are not yet parties."); Order 2, *MCGIP, LLC v. Does 1–14*, No. 11-cv-2887 (N.D. Ill. July 26, 2011) [hereinafter Lindberg July 26 Order] (Lindberg, J) ("[T]he Does argue that this Court may lack personal jurisdiction over them. . . . [This] argument is premature."); *MGCIP* [sic] *v. Does 1–316*, No. 10-C-6677, 2011 WL 2292958, at*2 (N.D. Ill. June 9, 2011) [hereinafter Kendall June 9 Decision] (Kendall, J.) (denying multiple motions to dismiss for lack of personal jurisdiction as "premature" in a similar factual and procedural context); *Virgin Records Am., Inc. v. Does 1–35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006); *see also London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 180–81 (D. Mass 2008) (finding it "premature to adjudicate personal jurisdiction" on the available record). A court cannot properly assess a defendant's contacts with a forum until the defendant has at least been identified. *Virgin Records*, 2006 WL 1028956, at *3; *see also Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants."). The Court should there deny Movant's improper venue argument.

### CONCLUSION

The Court should deny Movant's motion. Movant lacks standing to bring this motion. Movant's motion is before the wrong court. Joinder is proper at this early stage of litigation. Plaintiff's need for the information sought in the subpoena outweighs Movant's limited privacy interests. Movant's denial and arguments on the merits are not a basis for the quashing of the subpoena. Movant cannot credibly claim that his ISP's compliance with the subpoena would unduly burden him. Movant's improper venue argument is premature.

Respectfully Submitted,

PRENDA LAW INC.

**DATED: November 22, 2011**

By:     /s/ Brett L. Gibbs
BRETT L. GIBBS, ESQ. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 22, 2011, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/ Brett L. Gibbs
BRETT L. GIBBS, ESQ.