1   ANNETTE L. HURST (STATE BAR NO. 148738)
    ahurst@orrick.com
2   ORRICK, HERRINGTON & SUTCLIFFE LLP
    405 Howard Street
3   San Francisco, CA  94105-2669
    Telephone:     +1-415-773-5700
4   Facsimile:     +1-415-773-5759

5   JACOB A. SNOW (STATE BAR NO. 270988)
    jsnow@orrick.com
6   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
7   Menlo Park, CA  94025
    Telephone:     +1-650-614-7400
8   Facsimile:     +1-650-614-7401

9   Special Appearance as Attorneys for
    Doe Defendant (IP 97.94.162.56)

10

11              IN THE UNITED STATES DISTRICT COURT

12              FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                        SAN JOSE DIVISION

14

15  HARD DRIVE PRODUCTIONS, INC.,          Case No. C11-03682 LHK (HRL)

16                Plaintiffs,               REPLY IN SUPPORT OF MOTION TO
                                            QUASH AND REQUEST FOR
17          v.                              RECOMMENDATION THAT DOE
                                            DEFENDANTS 2-166 BE SEVERED
18  DOES 1 - 166,                           AND DISMISSED

19                Defendant.

20

21

22

23

24

25

26

27

28

OHSWEST:261396990.3

I.      **INTRODUCTION**

This Court is by now familiar with the facts and law at issue in this motion to quash.[1] This is a strike suit, filed to induce putative defendants to settle to avoid the cost of litigation and the embarrassment of being publicly accused of illegally downloading pornography.  On November 23, 2011, this Court ordered, in another case involving the same plaintiff represented by the same counsel with identical factual allegations, that the case be severed and dismissed against all but one Defendant, and that all motions to quash were moot.  The Court wrote:

> Plaintiff alleges that joinder of all defendants is proper because they allegedly participated in the same BitTorrent swarm (i.e., the group of "peers" or users who download a particular file) to download the film in question.  In the months after this court permitted plaintiff to pursue expedited discovery to learn defendants' identities, it learned of a host of similar lawsuits pending in this district.  True, this court initially concluded that, at least at the pleading stage, plaintiff sufficiently established joinder.  However, the court now agrees with the view and reasoning of many other courts, including in this district, that plaintiff has not sufficiently established that joinder would be proper and, further, that even if plaintiff had done so, joinder would nevertheless be inappropriate.

*Hard Drive Productions, Inc. v. Does 1-84*, Case No. C11-03648HRL (N.D. Cal., November 23, 2011) (Lloyd, J.) (citations omitted).[2]  The same result should obtain here.  In the alternative, Doe requests that the Court suspend determination on the motion to quash pending the Court's ruling on Doe's dispositive motions, which Doe plans to file promptly.

II.     **ARGUMENT**

A.      **Doe's Motion To Quash Is Proper In This Court**

Hard Drive Productions, Inc. ("Hard Drive") first argues in its opposition that Doe lacks standing to bring the instant motion to quash, and that the motion to quash should have been brought in the district that issued the subpoena, that is, the Central District of Illinois.  Opp. at 2-

---

[1] By Doe's count, at least seven other cases based on similar facts in which the plaintiff is represented by the same attorney, are presently pending before the assigned magistrate.  *See Hard Drive Productions, Inc. v. Does 1-90*, C11-03825HRL; *Hard Drive Productions, Inc. v. Does 1-84*, 11-C03648HRL; *Pacific Century Int'l, Ltd. v. Does 1-129*, C11-03681HRL; *MCGIP, LLC v. Does 1-30*, C11-03680HRL; *AF Holdings, LLC v. Does 1-135*, C11-03336LHK-HRL; *Hard Drive Productions, Inc. v. Does 1-69*, 11-C03004HRL; *Pink Lotus Entm't v. Does 1-46*, C11-02263.

[2] The complaint in this action is identical in substance to the complaint in *Hard Drive Productions, Inc. v. Does 1-84*, Case No. C11-03648HRL.  The two complaints differ only in that the complaint in this action has duplicate pages 11 and 12 and the IP addresses in the complaints' respective Exhibit A's are not the same.

3, 8.  Both of these arguments are flatly inconsistent with Hard Drive's proposed order submitted with its motion for expedited discovery, which the Court subsequently issued.  Hard Drive Productions is thus precluded under the doctrine of judicial estoppel from asserting that Doe lacks standing to bring the motion to quash, or that the Northern District of California is an improper forum for the motion.  Alternatively, the Court can also consider and rule on Doe's motion to quash as a motion for a protective order under Rule 26(c)(1).  *See Hard Drive Productions v. Does 1-188*, 2011 WL 3740473, *6 (N.D.Cal., Aug. 23, 2011).

"Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position."  *Helfand v. Gerson*, 105 F.3d 530, 534 (9th Cir. 1997).  "It is an equitable doctrine intended to protect the integrity of the judicial process by preventing a litigant from 'playing fast and loose with the courts.'"  *Id.*

On August 2, 2011, Hard Drive submitted to this Court an *Ex Parte* Application For Leave To Take Expedited Discovery, seeking Court approval to issue subpoenas to Internet Service Providers to discover the identity of each Doe defendant.  With Hard Drive's motion, it submitted a proposed order permitting expedited discovery, which specified that *subscribers* – as opposed to the ISPs themselves – would bring motions to quash, and that the subscribers would do so in *this Court*.  Dkt. No. 7.  The Court granted Hard Drive's application and issued Hard Drive's proposed order verbatim.  Specifically, paragraphs 2 and 3 of the Court's order granting Hard Drive's application state, in their entirety:

> 2.      Each ISP will have 30 days from the date of service upon them to serve the subscribers of the IP addresses with a copy of the subpoena and a copy of this order.  The ISPs may serve the subscribers using any reasonable means, including written notice sent to the subscriber's last known address, transmitted by first-class mail or via overnight service.
>
> 3.      *Subscribers* shall have 30 days from the date of service upon them to file any motions in *this court* contesting the subpoena (including a motion to quash or modify the subpoena).  If that 30-day period lapses without a subscriber contesting the subpoena, the ISPs shall have 10 days to produce the information responsive to the subpoena to Hard Drive.

Dkt No. 7 (emphasis added).  Hard Drive now contends that its own proposed procedures are

REPLY ISO MOT. TO QUASH AND REQ. FOR REC.
THAT DOE DEFS. 2-166 BE SEVERED AND DISMISSED
C11-03682 LHK (HRL)

1    improper.  Such an about face is precluded under the doctrine of judicial estoppel, and the Court

2    should therefore reject Hard Drive's arguments.

3    **B.    Hard Drive Has No Need for Doe's Personally Identifying Information At This Time.**

4

5    Hard Drive also argues that its need for Doe's personally identifying information

6    outweighs Doe's privacy interests.  Opp. at 6-7.  But, critically, Hard Drive does not explain why

7    it needs Doe's personally identifying information at this time.  Doe is represented by counsel in

8    this action and intends to file dispositive motions contesting the allegations in the complaint.

9    Should Hard Drive wish to communicate with Doe regarding settlement, it is free to do so

10   through counsel.  This Court has noted that, in similar circumstances, a subpoenaing party's need

11   for a Doe defendants' personally identifying is diminished.  *Art of Living Foundation v. Does 1-*

12   *10*, Case No. C11-03648LHK (N.D. Cal., November 9, 2011) (noting that a Doe defendant had

13   "appeared through counsel and filed numerous dispositive motions," which diminished

14   "Plaintiff's need to obtain his true name at this time.").

15   **C.    Doe's Motion To Quash Should Be Granted Because Joinder Of Does 1-166 Is Improper.**

16   Hard Drive argues that joinder is proper at this stage of the litigation.  Opp. at 3-6.  But as

17   noted above, this Court ruled on November 23, 2011 in an identical case that joinder was

18   improper and that all defendants but one should be severed and dismissed.  *Hard Drive*

19   *Productions, Inc. v. Does 1-84*, Case No. C11-03648HRL (N.D. Cal., November 23, 2011)

20   (Lloyd, J.).  The Court's order in *Does 1-84* and the authority relied on therein demonstrate that

21   each of Hard Drive's arguments in its opposition to the present motion are without merit.

22   Hard Drive first argues that joinder of Does 1-166 is proper at this stage of the litigation,

23   citing cases where courts declined to rule on a motion for improper joinder at the pleading stage.

24   Opp. at 3-4.  But many courts have concluded that Hard Drive's allegations (or allegations similar

25   to them) are insufficient to support permissive joinder, even at the pleadings stage.  In *Hard Drive*

26   *Productions, Inc. v. Does 1-188*, — F. Supp.2d —, No. C11-01566JCS, 2011 WL 3740473 (N.D.

27   Cal., Aug. 23, 2011), for example, Judge Spero extensively analyzed the applicable case law as

28   well as Hard Drive's factual support for joinder and concluded that joinder was improper.  *Id.* at

1    *7-*14.  In *Does 1-188*, Judge Spero analyzed factual allegations identical to those in this case:

2    that Defendants used the BitTorrent protocol to participate in a single "swarm" to download a

3    single file.  *Does 1-188* at *13.  Concluding that the Doe defendants there had not participated in

4    the "same transaction or occurrence," Judge Spero wrote:

5         Here, the Court finds the reasoning in *Boy Racer* and *Diabolic*
          *Video Productions*, *Pacific Century International*, and *Millennium*
6         *TGA* persuasive. Does 1–188 did not participate in the same
          transaction or occurrence, or the same series of transactions or
7         occurrences. Under the BitTorrent Protocol, it is not necessary that
          each of the Does 1–188 participated in or contributed to the
8         downloading of each other's copies of the work at issue—or even
          participated in or contributed to the downloading by any of the
9         Does 1–188. Any "pieces" of the work copied or uploaded by any
          individual Doe may have gone to any other Doe *or to any of the*
10        *potentially thousands who participated in a given swarm.* The bare
          fact that a Doe clicked on a command to participate in the
11        BitTorrent Protocol does not mean that they were part of the
          downloading by unknown hundreds or thousands of individuals
12        across the country or across the world.

13   *Id.* (citing *Boy Racer v. John Does 2–52*, Case No. C11–02834LHK (N.D. Cal., August 5, 2011)

14   (Grewal, J.); *Diabolic Video Productions*, 2011 WL 3100404, at *1 (N.D.Cal. May 31, 2011);

15   *Pacific Century Int'l*, 2011 WL 2690142 (N.D.Cal. July 8, 2011); *Millennium TGA*, 2011 WL

16   1812786, at *1 (N.D.Cal. May 12, 2011)) (emphasis original).

17        Notably, Hard Drive does not contest Judge Spero's analysis, instead choosing to

18   distinguish a single case Judge Spero cited, *BMG Music v. Does 1-203*, 2004 WL 953898 (E.D.

19   Pa. Apr. 4, 2004), on the ground that the case involved multiple defendants and violations of

20   different copyrights.  Opp. at 4-5.  Hard Drive inaccurately states that the Court in *Does 1-188*

21   "relie[d] on" *BMG Music*.  *Id.*  As is clear from the quote above, *Does 1-188* relied on not on

22   *BMG Music*, but *Boy Racer*, *Diabolic Video Productions*, *Pacific Century International*, and

23   *Millennium TGA*.  The court only cited *BMG Music* for the language characterizing the nature of

24   the defendants' individual defenses, which applies equally to this case:

25        Comcast subscriber John Doe could be an innocent parent whose
          internet access was abused by her minor child, while John Doe 2
26        might share a computer with a roommate who infringed Plaintiffs'
          works.  John Does 3 through 203 could be thieves, just as Plaintiffs
27        believe, inexcusably pilfering Plaintiffs' property and depriving
          them and their artists, of the royalties they are rightly owed.

28

*Does 1-188* at \*13.  This Court should again reject Hard Drive's arguments in support of joinder.

### D.  **This Court Should Recommend That Doe Defendants 2-166 Be Severed And Dismissed.**

Federal Rule of Civil Procedure 21 states that: "Misjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  Fed. R. Civ. P. 21.  As is evident from the plain text of the rule, no separate motion from a party is necessary for the Court to sever and dismiss parties who have been misjoined.  Indeed, in a variety of contexts, courts in other BitTorrent cases sever and dismiss all but the first Doe defendant without prejudice to a plaintiff refiling against all other Doe defendants in subsequent individual actions.  *E.g., Boy Racer, Inc. v. Does 1-60*, No. C11-01738SI, 2011 WL 3652521 (N.D. Cal., Aug. 19, 2011) (Illston, J.) (dismissing case without prejudice as to Doe defendants 8-60 in order ruling on John Doe's motion to quash);  *Hard Drive Productions v. Does 1-84*, C11-03648HRL (N.D. Cal. November 23, 2011) (severing and dismissing Does 2-84 in ruling on motion to sever) (Lloyd, J.);  *AF Holdings, LLC v. Does 1-97*, C11-03067CW (N.D. Cal., November 1, 2011) (severing and dismissing Does 2-97 in order on motion for leave to amend) (Wilken, J.).

When a motion is pending before a Magistrate Judge and the parties have not consented to magistrate jurisdiction, it is proper to sever all but the first Doe defendant and reassign the remaining defendants to an Article III judge.  *E.g., Boy Racer, Inc. v. Does 1-52*, Case No. C11-2329PSG (N.D. Cal. May 31, 2011) (severing Does 2-52 and reassigning them to an Article III judge in order ruling on motion for expedited discovery) (Grewal, J.);  *Diabolic Video Productions, Inc. v. Does 1-2099*, C10-05865PSG (N.D. Cal., May 31, 2011) (severing Does 2-2099 and reassigning them to an Article III judge in order ruling on motion for expedited discovery) (Grewal, J.).  In *Diabolic Video Productions*, Judge Grewal stated that "[i]n view of the misjoinder described above, the undersigned respectfully recommends that the claims against Does 2 through 2,099 be dismissed without prejudice." *Id.* at 8.  Because Judge Koh is already assigned to this action, reassignment is not necessary, and Doe requests only that the Court recommend to Judge Koh that Doe defendants 2-166 be severed and dismissed.

**E.**   **In The Alternative, The Court Should Stay Determination On The Motion To Quash Pending Resolution Of Doe's Dispositive Motions And Temporarily Hold Doe's Identity Confidential.**

If the Court determines at this stage that Hard Drive's joinder of Does 1-166 is proper, Doe requests that the Court 1) stay a final ruling on the motion to quash pending resolution of Doe's intended dispositive motion(s); and 2) temporarily hold Doe's identity confidential.

Counsel for Doe in this matter began its representation after Doe's motion to quash was delivered to Charter Communications and opposing counsel.  Doe is preparing a motion to dismiss, transfer, or sever Hard Drive's complaint on grounds including those discussed in the Court's recent order, discussed above, in *Hard Drive Productions, Inc. v. Does 1-84*, Case No. C11-03648HRL (N.D. Cal., November 23, 2011).  Therefore, Doe respectfully requests that the Court stay ruling on this motion pending a final determination of the sufficiency of the complaint.

Doe further requests that the Court order that Hard Drive seek leave of Court before publicly identifying Doe in any filing.  In *Hard Drive Productions v. Does 1-46*, Case No. C11-01959EMC (N.D. Cal. June 23, 2011) the Court made just such an order, requiring that Hard Drive "seek leave of Court before publicly identifying Doe in any of its filings.  Absent Court order, Doe names shall be kept confidential." *Id.* at 2.  Similar relief is appropriate for Doe here.

## III.   CONCLUSION

For the reasons stated above, Doe respectfully requests that the Court grant Doe's motion to quash Hard Drive's subpoena and issue a recommendation that Does 2-166 be severed and dismissed from this action.

Dated: December 5, 2011                           Respectfully submitted,

                                                  ANNETTE L. HURST
                                                  JACOB A. SNOW
                                                  Orrick, Herrington & Sutcliffe LLP


                                                  */s/ Jacob A. Snow /s/*
                                                  Jacob A. Snow
                                                  Specially Appearing as Attorneys for Doe
                                                  Defendant (IP 97.94.162.56)