1   Brett L. Gibbs, Esq. (SBN 251000)
    Steele Hansmeier PLLC.
2   38 Miller Avenue, #263
    Mill Valley, CA 94941
3   415-325-5900
    blgibbs@wefightpiracy.com
4
    *Attorney for Plaintiff*
5

6

7                   IN THE UNITED STATES DISTRICT COURT FOR THE

8                        NORTHERN DISTRICT OF CALIFORNIA

9                              SAN JOSE DIVISION

10

11
    HARD DRIVE PRODUCTIONS, INC.,        )    **No. C-11-03682 LHK (HRL)**
12                                        )
                   Plaintiff,             )    **PLAINTIFF'S CASE MANAGEMENT**
13           v.                           )    **CONFERENCE STATEMENT**
                                          )
14   DOES 1-166,                          )
                                          )
15                 Defendant(s).          )
                                          )
16   _____)

17          **PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT[1]**

18
            Plaintiff Hard Drive Productions, Inc., by and through its counsel of record, hereby submit
19
    this Case Management Conference Statement pursuant to the Court's Case Management Scheduling
20
    Order (ECF No. 38), and Northern District of California Civil Local Rule (hereinafter "L.R.") 16-
21
    9(a).[2]
22

23   _____
     [1] Plaintiff erroneously labeled the previously filed Case Management Statement as "Joint Case Management Statement."
24   (ECF No. 46.) Plaintiff submits this revised version to correctly states that it is "Plaintiff's Case Management
     Statement." Aside from this, the content of the Statements are identical.
     [2] Anonymous Movant, self-identified as "Jane Doe" filed his or her Notice of Motion and Motion to Quash Subpoena to
25   Comcast, Memorandum of Points and Authorities, Declaration of Jane Doe, Declaration of Gary Hoenig, and [Proposed]
     Order in this case on October 3, 2011 (ECF No. 11-15, hereinafter "October 3 Motion to Quash.") On November 10,
26   2011, an anonymous individual associated with IP address 97.94.162.56 filed a Motion of Nonparty to Quash and Vacate
     Subpoena. (ECF No. 42.) Both individuals are referred to directly herein as "Movants."
27
     Movants are clearly not named parties in this action. While it is Plaintiff's stance that, as nonparties they should not be
28   incorporated in the case management process, Plaintiff did attempt to work with Movants' counsel to file a Joint Case
     Management Conference Statement before the upcoming Case Management Conference hearing. Despite efforts, by
     Plaintiff's counsel and Movants' counsel, they were unable to file a Joint Case Management Conference Statement in

**1. Jurisdiction and Service:**

Per L.R. 3-5, and as alleged in Plaintiff's Complaint (ECF No. 1 ¶ 2), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution. As Doe Defendant(s) has not been identified or served, he or she (or they) has not made any counterclaims in this matter.

This Court has personal jurisdiction over all of the parties because, upon credible information and belief gathered by Plaintiff, the Doe Defendant(s) either resides or committed copyright infringement in the State of California. Plaintiff used geolocation technology to trace the IP addresses of Doe Defendant(s) to a point of origin within the State of California. Thus, there are no actual or potential personal jurisdiction issues in this case.

At this time, the unidentified Doe Defendant(s) who used the IP addresses listed on Exhibit A to the Complaint (ECF No. 1 at 16-19) to illegally infringe on Plaintiff's copyrighted works has not been served.  First, Plaintiff is awaiting a substantial portion of the production in this case.  Second, Plaintiff awaits the Court's rulings on the various motions pending before it.

**2. Facts:**

Plaintiff is an organization that holds the copyrights to certain adult entertainment content.  Doe Defendant(s) is an alleged copyright infringer.  Movants are non-parties who object to the subpoenas issued to his or her ISP.

Plaintiff believes that certain facts in this case, including the following, are undisputed at this time.  Doe Defendant(s), without authorization, used an online Peer-to-Peer media distribution

---

this matter.  Per L.R. 16-9, attached as Exhibit A is the Declaration of Brett L. Gibbs, which states the reasons why a joint statement could not be attained.

system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others. Defendant(s) operated under the cover of a network address when he/she joined a common swarm composed of fellow infringers, who downloaded the same exact file and unlawfully distributed Plaintiff's copyrighted works amongst one another. Due to the quasi-anonymous fashion in which Doe Defendant conducted him/herself online, Plaintiff is unaware of Doe Defendant's(s') actual identifying information—including his/her name, address, telephone, and Media Access Control ("MAC") information.

Through unique proprietary software, Plaintiff's agents identified Doe Defendant(s) by a unique IP address, assigned to him/her by his/her ISP on the date and at the time of Doe Defendant's infringing activity. While these were not the only times of Doe Defendant's(s') infringing activities, this was a snapshot of such activities personally observed by Plaintiff's technicians and recorded in Exhibit A attached to the Complaint. (ECF No. 1 at 16-19).   Plaintiff, by and through its investigators, also made a copy of substantial portions of the copyrighted work that Doe Defendant(s) unlawfully distributed or made available for distribution through the file sharing networks, and confirmed that such files contained the work that was subject to Plaintiff's copyright. A technician collected this data through systems and procedures specifically designed to ensure that the information gathered on each Doe Defendant(s) was accurate.

Through Plaintiff's agents' work, it is overwhelmingly clear that an unidentified individual(s) using the identified IP addresses (as specified on Exhibit A of Plaintiff's Complaint) unlawfully downloaded Plaintiff's copyrighted works on the Internet via BitTorrent. (ECF No. 1 at 16-19.) The pending question at this early stage in the litigation is:  Who is the Subscriber(s)/Doe Defendant(s) specifically linked to these IP addresses?  While Plaintiff has some of this information through some subpoena returns from the ISPs, it does not have all of it.  At this point, most ISPs are specifically holding the information back in light of the motions to quash pending in front of this Court.  Some of these motions that have been pending before the Court for four to five months.  Rulings on those motions will help expedite this case.

Through their motions, Movants have alleged that they were not involved in the downloading/uploading of Plaintiff's copyright works over the Internet. Additionally, Movants have argued that Doe Defendants are improperly joined. Plaintiff has responded to all of Movants' arguments.

**3. Legal Issues:**

Plaintiff believes that it states a *prima facie* case for copyright infringement. The legal issues raised in Movants', and others', Motions to Quash are laid out in those documents, and the Plaintiff has filed the necessary responses to them. Again, Plaintiff believes that all movants have a very limited basis to challenge the subpoenas in this case, and overall lack standing in this case to assert anything other than a privacy or privilege claim in this case as non-parties. Movants' ISPs were the entities to which the subpoenas were directed and that had possession and control over the documents sought in the subpoenas, not Movants. It is Plaintiff's stance, supported by legal authority, that only the person or entity to whom a subpoena is directed may seek to quash the subpoena. The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). The only exception applicable to movants is if he or she brought the motion to quash on the basis that the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). While some movants, including Movants, have raised privacy issues, it is Plaintiff's position that their generally weak showings do not sufficiently outweigh Plaintiff's right to identify those who unlawfully infringed upon its copyrights. No movant has argued that there is a privilege that requires the Court to quash the subpoenas.

Of course, Movants disagree with the above. Movants feel that they have standing to make the arguments that they present in their motions to quash.

**4. Motions:**

On August 2, 2011, Plaintiff filed an *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 5.) On August 5, 2011, Magistrate Judge Howard R. Lloyd, acting on behalf of the Court, granted that Application (ECF No. 7).

On September 26, 2011, a Motion to Quash or Modify Subpoena was filed by an anonymous movant (ECF No. 9).  On September 29, 2011, Plaintiff filed its Response (ECF No. 10).

On October 3, 2011, Movant filed his or her Motion to Quash (ECF No. 11-15).  On October 17, 2011, Plaintiff filed its Response (ECF No. 23).  On October 24, 2011, Movant filed his or her reply (ECF No. 26). This motion is still pending.

On October 3 and October 4, 2011, two Motions of Nonparty to Quash and Vacate Subpoena were filed by an anonymous movant (ECF No. 16, 17).  The content of such motions were virtually identical.  In light of several additional factors, Plaintiff believes that such motions were filed by the same individual who was assigned multiple IP addresses by his or her ISP, and therefore received two letters (one for each of the IP addresses that participated in the swarm) from the ISP and filed two motions to quash.  On October 11, 2011, Plaintiff filed its Omnibus Response to both motions (ECF No. 20). Those motions are still pending.

On October 20, 2011, a Motion to Quash or Modify Subpoena was filed by an anonymous movant (ECF No. 24).  On October 26, 2011, Plaintiff filed its Response (ECF No. 28).  That motion is still pending.

On October 20, 2011, a Motion to Quash or Modify Subpoena was filed by an anonymous movant (ECF No. 25).  On October 27, 2011, Plaintiff filed its Response (ECF No. 29). This motion is still pending.

On November 10, 2011, a Motion of Nonparty to Quash and Vacate Subpoena was filed by Movant associated with IP address 97.94.162.56. (ECF No. 42.)  On November 22, 2011, Plaintiff filed its response. (ECF No. 43.)   On December 5, 2011, Movant associated with IP address 97.94.162.56 filed a reply. (ECF No. 44.)  Considering that Movant's reply raised new issues of law not raised in the motion or the reply, Plaintiff treated Movant's reply as a Renewed Motion to Quash, and filed a response accordingly. (ECF No. 45.)   The motions presented by Movant associated with IP address 97.94.162.56 are still pending.

**5. Amendment of Pleadings:**

None.

PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT                No. C-11-03682 LHK

**6. Evidence Preservation:**

Plaintiff's agents at Media Copyright Group, LLC ("MCG") engaged in real time monitoring of Doe Defendant's(s') infringing activity using its proprietary software. MCG's proprietary software is effective in capturing granular-level data about the activity of peers in a swarm and their infringing conduct. MCG's processes are designed to ensure that information gathered about Doe Defendant(s) is accurate. Once gathered and it is determined that the information is relevant to an upcoming case, this information is stored by MCG for trial.

**7. Disclosures:**

The parties are in the process of formulating and filing initial disclosures.

As for Plaintiff, Plaintiff's previously filed Rule 26(f) Report contains its initial disclosures that are sufficient to satisfy the requirements of the Court at this early stage in the litigation. (ECF No. 33.)

**8. Discovery:**

As discussed previously, Plaintiff's subpoenas have been sent to the ISPs, but Plaintiff has only received a fraction of the information it requested.  At this time, Plaintiff and all movants are patiently waiting for the ISPs to comply with the Court's authorized subpoenas, and for the Court to issue a ruling on the outstanding motions to quash.

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

Not applicable.

**11. Relief:**

Plaintiff prays for the following relief in this case, as fully outlined in its Complaint: (1) That the Court enter a written judgment declaring that the Doe Defendant(s) infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501, and that such infringement was willful; (2) That the Court enter a written judgment declaring that Doe Defendant(s) has injured the business reputation and business of Plaintiff by Defendants'(s') acts and conduct set forth in this Complaint;

(3) That the Court issue injunctive relief against Doe Defendant(s), enjoining and restraining the Doe Defendant and all others in active concert with him/her from further violating Plaintiff's copyrighted works, and further issue an order impounding or requiring Doe Defendant(s) to destroy all copies of those unlawfully copyrighted files in Doe Defendant's(s') possession, custody, and/or control pursuant to 17 U.S.C. §§ 503 & 509(a); and (4) That the Court enter a written judgment in favor of the Plaintiff against Defendant(s) for actual damages pursuant to 17 U.S.C. § 504(a) or statutory damages up to one-hundred and fifty-thousand dollars ($150,000) pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount to be ascertained at trial.

There are no counterclaims at this time.

**12. Settlement and ADR:**

Plaintiff has offered flexible settlement terms to Movants.  Those terms have been wholly rejected.

Currently, the Court has scheduled an ADR Phone Conference for February 13, 2012 (ECF. No. [no docket number], filed January 18, 2012).  Both Plaintiff's and counsel for Movants' anticipate attending conference.

**13. Consent to Magistrate Judge For All Purposes:**

Not applicable.

**14. Other References:**

None that the parties can identify at this time.

**15. Narrowing of Issues:**

Plaintiff and Movants would be more than happy to narrow the issues in this case.  Plaintiff and Movants believe that this could expedite this case, and lead to a fair and economic result.

**16. Expedited Schedule:**

Plaintiff and Movants have no objection to this case being handled in an expedited manner. However, everyone also understands that the Court must first make decisions on the motions to quash pending in this case. (ECF Nos. 9, 11, 16, 17, 24, 25, 42, 44.)

////

**17. Scheduling:**

Without Defendant(s) being involved in this process, or knowing whether there will be a Defendant in this matter at all (i.e. whether the Court will allow Plaintiff to proceed with its discovery or sever the case) any schedule would be impossible to map out at this point.

**18. Trial:**

Again, at this point, without Defendant(s) being involved in this process, or knowing whether there will be a Defendant in this matter, it would be hard for Plaintiff to guess as to how long a trial of this case will take. Should the Court require that guess, Plaintiff is willing to estimate four full days.

**19. Disclosure of Non-Party Interested Entities or Persons:**

Plaintiff has filed its Certification of Interested Entities or Persons. (ECF No. 2.)  Movants, as nonparties, are not required to do such.

Plaintiff believes there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (other than the parties themselves) that may have a personal or affiliated financial interest in this subject matter in controversy, or any other kind of interest that could be substantially affected by the outcome of the proceedings other than the parties.

**20. Other Matters:**

The status of this case has not changed much since the November 7, 2011, Case Management Conference. (ECF No. 37.)  As recognized by the Court in that conference, this case is not going to be resolved, one way or the other, without decisions on the outstanding motions to quash. (ECF Nos. 9, 11, 16, 17, 24, 25, 42, 44.)  The Court must act on these motions.  Without its action, this case is entirely stagnant.  The parties pray that those decisions are made as soon as possible.

///

///

Respectfully Submitted,

PRENDA LAW INC.,

**DATED: January 30, 2012**

By:      /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT           No. C-11-03682 LHK

1

**CERTIFICATE OF SERVICE**

2

3

The undersigned hereby certifies that on January 30, 2012, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

4

5

6

/s/  Brett L. Gibbs
Brett L. Gibbs, Esq.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT          No. C-11-03682 LHK