Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., )<br>)<br>Plaintiff, )<br>v.                                        )<br>)<br>DOES 1-166,                         )<br>)<br>Defendants.                    )<br>)<br>)<br>_____ ) | **No.  5:11-CV-03682 LHK**<br><br>**PLAINTIFF'S RESPONSE<br>TO ORDER TO SHOW CAUSE** |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

On February 8, 2012, the Court ordered Plaintiff to show cause why the Court should not dismiss its claims against Does 1 - 166 pursuant to Fed. R. Civ. P. 4.[1] (ECF No. 48, hereinafter "February 8 Order".) Plaintiff respectfully submits this response in return.

**I.    LEGAL STANDARD**

Rule 4(m) requires a court to extend a plaintiff's time for serving the complaint if plaintiff can establish good cause. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Absent a showing of good cause, Rule 4(m) permits a court to exercise its discretion to extend the time for service. Plaintiff can establish good cause and the history of this case weighs strongly in favor of the Court exercising its discretion to extend the time for service.

///

---

[1] The Court "ORDERS Plaintiff to show cause by February 29, 2012, why this action should not be dismissed for failure to serve the Doe Defendants as required by Rule 4(m)." (ECF No. 48.)

## II.   BACKGROUND

Plaintiff filed its complaint on July 27, 2011, against 166 Doe Defendants. (ECF No. 1.) Because Plaintiff did not know the identities of the Defendants—all of whom operated anonymously under the cover of IP addresses—Plaintiff could not name or serve them with the complaint. (*See Id.*) On August 2, 2011, Plaintiff filed its *ex parte* application for leave to seek limited discovery aimed at ascertaining the identities of the IP address holders. (ECF No. 5.) Three days later, on August 5, 2011, the Honorable Magistrate Judge Howard R. Lloyd granted discovery with respect to Does 1 - 166. (ECF No. 7.) On August 15, 2011, Plaintiff issued subpoenas to all the respective ISPs. (Decl. of Brett Gibbs ¶ 2.)  Pursuant to the Court's Order, Plaintiff was required to allow the ISPs seventy (70) days to respond to Plaintiff's subpoena. (*See* ECF No. 7, allowing the ISPs 30 days to notify its subscriber, allowing the subscriber 30 days to file a motion to quash and allowing 10 days for the return of information following the lapse of the previous deadlines.)

Staring on September 26, 2011, various subscribers began submitting Motions to Quash, Motions to Quash or Modify Subpoena, or Motions of Non-Party to Quash and Vacate Subpoena. As of a few days ago, there were seven (7) such Motions outstanding.

On September 26, 2011, an anonymous subscriber identifying himself as "John Doe" submitted a Motion to Quash or Modify Subpoena (ECF No. 9) which the Plaintiff responded to on September 29, 2011. (ECF No. 10.) The Court's decision on this motion is still pending.

On October 3, 2011, an anonymous subscriber identifying herself as "Jane Doe" filed a Motion to Quash Subpoena to Comcast (ECF No. 11-15), which Plaintiff responded to on October 17, 2011. (ECF No. 23.) One week later on October 24, 2011, Movant filed a reply. (ECF No. 26.) The Court's decision on this motion is still pending.

On October 3 and October 4, 2011, two Motions of Nonparty to Quash and Vacate Subpoena were filed by an anonymous Movant. (ECF No. 16, 17.) The content of these two motions are virtually identical, and in light of several additional factors, Plaintiff believes that these motions were filed by the same individual assigned to multiple IP addresses. On October 11, 2011, Plaintiff filed an Omnibus Response to both motions. (ECF No. 20.) The Court's decision is still pending.

1   On October 20, 2011, a subscriber filed a Motion to Quash or Modify Subpoena. (ECF No.

2   24.) September 26, 2011, Plaintiff filed its Response. (ECF No. 28). In light of Plaintiff's recent

3   Notice of Voluntary Dismissal as to certain Doe Defendants, that Motion is no longer pending

4   because the Doe Defendant connected with that IP addresses was voluntarily dismissed from this

5   case without prejudice. (ECF No. 49.)

6   On October 20, 2011, a subscriber filed a Motion to Quash or Modify Subpoena. (ECF No.

7   25.) On October 27, 2011, Plaintiff filed its response. (ECF No. 29.) The Court's decision on this

8   motion is still pending.

9   On November 10, 2011, a Motion of Nonparty to Quash and Vacate Subpoena was filed by

10  Movant associated with IP address 97.94.162.56. (ECF No. 42.) On November 22, 2011, Plaintiff

11  filed its response. (ECF No. 43.) On December 5, 2011, Movant associated with IP address

12  97.94.162.56 filed a renewed motion to quash. (ECF No. 44.) Because Movant's reply raised new

13  issues of law not raised in the motion or the reply, Plaintiff filed a response to Movant's Renewed

14  Motion to Quash. (ECF No. 45.) In light of Plaintiff's recent Notice of Voluntary Dismissal as to

15  certain Doe Defendants, that Motion is no longer pending because the Doe Defendant connected

16  with that IP addresses was voluntarily dismissed from this case without prejudice. (ECF No. 49.)

17  On February 8, 2012, the Court ordered Plaintiff to show cause as to "why this action should

18  not be dismissed for failure to serve the Doe Defendants as required by Rule 4(m) by February 29,

19  2012. (ECF No. 48.) Plaintiff respectfully submits this response to the Show Cause Order.

20  ### III.    GOOD CAUSE

21  "When considering [whether] … to dismiss a complaint for untimely service, courts must

22  determine whether good cause for the delay has been shown on a case by case basis." *In re Sheehan*,

23  253 F.3d at 512. The Ninth Circuit has recognized that, "at a minimum, good cause means excusable

24  neglect." *Id.* (citation omitted). Beyond the "excusable neglect" standard, the Ninth Circuit has

25  articulated three factors (the "*Boudette*" factors) that a plaintiff *may* be required to show in order to

26  bring an "excuse" to the level of good cause, but in its Order to Show Cause the Court did not order

27  Plaintiff to discuss the *Boudette* factors. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). Nor

28

1   do the *Boudette* factors appear to have much relevance to a Rule 4(m) good cause analysis where the

2   reason for non-service is that the identity of the defendant has not been ascertained. *See Id.*

3       In this case, Plaintiff is currently unable to proceed in this matter because the Court has yet to

4   rule on the various Motions submitted by certain subscribers as described in the previous section,

5   *supra*. Plaintiff's present ignorance of the Doe Defendants' identities, and its inability to proceed

6   with the matter, is not a result of any delay or dilatory action on Plaintiff's part. To the contrary, at

7   every turn Plaintiff has attempted to exercise maximum expediency. Plaintiff is unable to proceed in

8   this matter until the Court makes a ruling on the various Motions submitted because IP account

9   holders associated with the Internet Service Providers remaining in this action have either filed

10  motions to quash or are related to ISPs that withhold subscriber information pending motions to

11  quash. Plaintiff's counsel has met-and-conferred with the withholding ISPs and is prepared to file

12  motions to compel compliance with the Court's subpoenas if the ISPs are unwilling to produce

13  subscriber information not subject to the motions to quash. Further, Plaintiff has dismissed without

14  prejudice all non-settling subscribers for whom Plaintiff has received identifying information.

15  Plaintiff has taken efforts to pre-emptively resolve issues the Court has brought up in a separate case.

16  Plaintiff now waits for the Court's rulings on the motions still outstanding.

17      The "excusable neglect" standard would appear to be readily satisfied. First, as outlined

18  above, Plaintiff has not demonstrated any form of neglect because it has acted as swiftly as possible

19  at every turn. And even if the action of awaiting a decision from the Court or following the Court's

20  subpoena compliance timeline falls within the definition of "neglect", it would certainly be

21  excusable, particularly since: 1) an unknown party cannot possibly be served with a complaint; and

22  2) the waiting times were within the Court's control, not Plaintiff's.

23              **IV.    DISCRETION**

24      Even if the Court concludes that Plaintiff does not have good cause, it should nevertheless

25  exercise its discretion to extend the time for service for the reasons described in the foregoing

26  section. These factors weigh heavily in favor of the Court exercising its discretion to extend the time

27  for serving the complaint.

28

## V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court extend Plaintiff's time for service of the complaint.

Respectfully Submitted,

Prenda Law Inc.

**DATED: February 29, 2012**

By:  _____/s/  Brett L. Gibbs, Esq._____

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 29, 2012, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/  Brett Gibbs
Brett L. Gibbs

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE                    No.  5:11-CV-03682-LHK