LINDA A. RYAN, ESQ. SBN 185356
LAW OFFICES OF LINDA A. RYAN
182 Farmers Ln, Ste. 101
Santa Rosa, CA 95405
Telephone: (707) 568-7700
Facsimile: (707) 284-2697
E-mail: ryanlawoffices@comcast.net

Attorney for Jane Doe One
SPECIAL APPEARANCE

GARY HOENIG, SBN 194384
LAW OFFICES OF GARY HOENIG
182 Farmers Ln, Ste. 101
Santa Rosa, CA 95405
Telephone: (707) 542-4622
Facsimile: (707) 542-3810
E-mail: ghoenig@ap.net

Attorney for Jane Doe One
SPECIAL APPEARANCE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., | No. C11-03682 LHK (HRL) |
| Plaintiff, | Special Appearance by Jane Doe One (Sued herein as Doe 1) |
| v. | **DEFENDANT JANE DOE ONE'S CASE MANAGEMENT STATEMENT** |
| DOES 1 - 166, | |
| Defendants. | Date: March 14, 2012<br>Time: 2:00 p.m.<br>Courtroom: 8<br>Trial Date: October 8, 2012 |

Defendant Jane Doe One, specially appearing by and through her counsel, hereby submits her Case Management Conference Statement pursuant to the Court's Order and Northern District of California Civil Local Rule (hereinafter "L.R.") 16-9(a). Counsel for Plaintiff and Defendant Jane Doe One conferred regarding a joint statement and are filing separate statements.

////

### 1. Jurisdiction and Service:

The basis for subject matter jurisdiction is Plaintiff's copyright infringement claim under 17 U.S.C. §§ 101, et seq., (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). Defendant reserves the right to challenge Plaintiff's jurisdictional assertion. Jane Doe One has not been identified or served.

Jane Doe One is entitled to challenge the sufficiency of the complaint, and will file a motion to dismiss the complaint shortly. The parties will have an opportunity to fully brief the issue of Jane Doe One's "standing" in connection with the motion to dismiss.

Counsel for Jane Doe One makes a special appearance for the purpose of moving to quash the subpoena and challenging the sufficiency of the complaint. Jane Doe One does not dispute the subject matter jurisdiction of the Court but will, if eventually served with a summons, dispute the propriety of personal jurisdiction and venue as Jane Doe One is not a resident of this District.

### 2. Facts:

Defendant Jane Doe One was not involved in the downloading/uploading of Plaintiff's copyright works over the Internet.

Many of the "facts" in Plaintiff's statement are very much disputed, and indeed those disputes are at the core of this action. In the event Jane Doe One is ever properly joined as a defendant in a lawsuit, Jane Doe One will respond in detail to Plaintiff's allegations as required under the Federal Rules of Civil Procedure and other applicable law.

### 3. Legal Issues:

a) Whether Defendants violated 17 U.S.C. § 101, et seq.

b) Whether Defendants have standing to Quash Plaintiff's subpoenas to ISPs.

c) Whether Defendant Jane Doe One's constitutional rights to privacy protect her identity, especially in light of the fact she filed a Declaration under penalty of perjury establishing the fact she did not download or upload Plaintiff's work.

    d) Whether Does 1-166 are improperly joined under Federal Rule of Civil Procedure 20, Jane Doe One contends that they are not.

    e) Whether Plaintiff states a claim for civil conspiracy under California law.

    f) Whether an individual action against Jane Doe One is properly venued in the Northern District of California under 28 U.S.C. §1391.

**4. Motions:**

On August 2, 2011, Plaintiff filed an Ex Parte Application for Leave to Take Expedited Discovery. (ECF No. 5.) On August 5, 2011, Magistrate Judge Howard R. Lloyd, acting on behalf of the Court, granted that Application (ECF No. 7).

On September 26, 2011, a Motion to Quash or Modify Subpoena was filed by an anonymous movant (ECF No. 9). On September 29, 2011, Plaintiff filed its Response (ECF No. 10).

On October 3, 2011, Jane Doe One filed her Motion to Quash (ECF No. 11-15). On October 17, 2011, Plaintiff filed its Response (ECF No. 23). On October 24, 2011, Jane Doe One filed her reply (ECF No. 26).

On October 3 and October 4, 2011, two Motions of Nonparty to Quash and Vacate Subpoena were filed by an anonymous movant (ECF No. 16, 17). On October 11, 2011, Plaintiff filed its Omnibus Response to both motions (ECF No. 20).

On October 20, 2011, a Motion to Quash or Modify Subpoena was filed by an anonymous movant (ECF No. 24). On October 26, 2011, Plaintiff filed its Response (ECF No. 28).

On October 20, 2011, a Motion to Quash or Modify Subpoena was filed by an anonymous movant (ECF No. 25). On October 27, 2011, Plaintiff filed its Response (ECF No. 29).

Jane Doe One anticipates filing a motion to dismiss on at least the grounds described in Section 3. "Legal Issues" above. Depending on the outcome of the motion to dismiss, Jane Doe One may file a motion to transfer venue. Jane Doe One will oppose further expedited discovery.

////

**5. Amendment of Pleadings:**

None at this time.

Jane Doe One has not yet been served with the summons and complaint.

**6. Evidence Preservation:**

Jane Doe One has taken steps to preserve relevant evidence, as required by law.

**7. Disclosures:**

Initial disclosures are premature as the Court has not ruled on the motions to quash.

Jane Doe One has not been served with the summons and complaint.

**8. Discovery:**

Plaintiff subpoenaed information from ISPs pursuant to this Court's pre-discovery Order.

Jane Doe One has not served, and has not been served with, any discovery at this time.

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

None known at this time.

**11. Relief:**

Plaintiff seeks judgment for actual damages pursuant to 17 U.S.C. § 504(a) or statutory damages up to one-hundred and fifty thousand dollars ($150,000) pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount to be ascertained at trial.

Jane Doe One has not been served with the complaint and, as a result, has not filed an answer or asserted any counterclaims at this time.

**12. Settlement and ADR:**

Settlement discussions between Plaintiff and Defendant Jane Doe One have not been successful. Counsel for Jane Doe One attended the ADR Phone Conference on February 13, 2012.

**13. Consent to Magistrate Judge for All Purposes:**

Defendant Jane Doe One does consent.

////

**14. Other References:**

None that Defendant Jane Doe One can identify at this time.

**15. Narrowing of Issues:**

Defendant Jane Doe One is not aware of any issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial or requests to bifurcate issues, claims or defenses at this time.

**16. Expedited Schedule:**

Defendant Jane Doe One does not believe that the case can be handled on an expedited schedule. Jane Doe One does not consent to an expedited trial.

**17. Scheduling:**

Scheduling is premature as defendants have not been served.

At this preliminary stage, Jane Doe One cannot offer a proposed case schedule. Given the large number of defendants and the complexity of the factual and technological issues presented in the complaint, however, Jane Doe One will request that the case schedule be revisited once the pending motions to quash and Jane Doe One's anticipated motion to dismiss are resolved.

**18. Trial:**

Unknown at this time. If 166 Doe defendants appear, trial will take several months.

At this preliminary stage, Jane Doe One cannot offer an expected length of trial. Given the large number of defendants and the complexity of the factual and technological issues presented in the complaint, however, Plaintiff's estimate of four days will be insufficient.

**19. Disclosure of Non-party Interested Entities or Persons:**

Plaintiff filed its Certification of Interested Entities or Persons.

Jane Doe One will disclose a list of interested persons if and when required by the Federal Rules of Civil Procedure.

**20. Other Matters:**

None.

////

1  The status of this case has not changed significantly since the November 7, 2011, Case
2  Management Conference. (ECF No. 37.) As recognized by the Court in that conference,
3  resolution of the outstanding motions to quash. (ECF Nos. 9, 11, 16, 17, 24, 25, 42, 44) are
4  important steps in moving this case towards resolution.

5  Dated: March 6, 2012

6  Respectfully submitted,

7  LAW OFFICES OF LINDA A. RYAN
   182 Farmers Ln., Ste. 101
8  Santa Rosa, CA 95405

9  /s/ Linda A. Ryan
10 LINDA A. RYAN, ESQ.

11 Specially appearing as Attorney for
   Defendant JANE DOE ONE

# CERTIFICATE OF SERVICE

I, Tiffany Avila, declare:

I am a citizen of the United States and a resident of the County of Sonoma, State of California. I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 182 Farmers Lanes St. 101, Santa Rosa, CA 95405. On the date given I served the following:

1. Defendant Jane Doe One's Case Management Statement

on all the interested parties in said action as follows:

Brett L. Gibbs, Esq.
PRENDA LAW INC.
38 Miller Avenue, #263
Mill Valley, CA 94941
Telephone: (415) 325-5900
blgibbs@wefightpiracy.com

_X_ **BY FIRST CLASS MAIL (C.C.P. §§1005;1013a, et seq.):**
I caused a true copy of said document(s) to be deposited in a U.S. mail box in a sealed envelope with postage thereon fully prepaid in the City of Santa Rosa, State of California, after the close of the day's business.

___ **BY FACSIMILE (C.C.P. §§1005(b);1012.5 et seq.):**
I caused said document(s) to be telecopied to each addressee's facsimile number.

___ **BY FEDERAL EXPRESS NEXT DAY DELIVERY (C.C.P. §§1005(b),1013 (c)(d), et seq.):**
I caused said document(s) to be deposited with an express service carrier in a sealed envelope designated by the carrier as an express mail envelope, with fees and postage pre-paid and reasonably calculated to ensure delivery to the addressee not later than the close of the next business day.

___ **BY HAND DELIVERY/PERSONAL SERVICE (C.C.P. §§1005;1011, et seq.):**
I caused said document(s) to be personally delivered to each addressee.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 7, 2012        /s/ Tiffany Avila
                            TIFFANY AVILA

1